**Ex parte Ronnie Lee SCOTT.**

**No. 44123.**

Court of Criminal Appeals of Texas.

June 23, 1971.

Rehearing Denied Oct. 13, 1971.

Edward W. Dunbar and Sam Eck, of Dallas Legal Services Foundation, Inc., Dallas, for petitioner.

Henry Wade, Dist. Atty., John Tolle and Ed Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order denying relief in a habeas corpus proceeding in the County Criminal Court of Dallas County in which petitioner sought release from confinement. Petitioner was convicted in said court on September 10, 1970 for the offense of aggravated assault upon a police officer wherein he was assessed a fine of $500.00 and costs in the sum of $45.00. Because he was unable to pay this entire sum when he was sentenced, petitioner was sent to jail in order that he might be confined until his fine and costs were paid. While he was confined, he was given credit on his fine and costs at the rate of $5.00 per day.

On March 19, 1971, this Court issued a writ of habeas corpus, returnable before the Honorable Ben Ellis, Judge of the County Criminal Court of Dallas County. Judge Ellis held a hearing on the writ, but did not grant the relief prayed for. On April 27, this Court ordered petitioner admitted to bail pending the outcome of this appeal.

The primary issue involved in this appeal is whether or not petitioner is illegally confined under the holding in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130. In the Tate case, the United States Supreme Court held that an indigent may not be jailed because he is unable to pay a fine in a lump sum. In that opinion, the Court held that Texas must either afford Tate an alternative means of payment or release him from confinement. The Court then remanded the case for "further proceedings not inconsistent with this opinion."

It appears that the Legislature has now provided this State with an adequate remedy for the problem of the defendant who is unable to pay his fine in a lump sum at the time of the pronouncement of sentence, in their revision of Articles 42.15, 43.03, 43.04, 43.05, 45.50, 45.51 and 45.52, Vernon's Ann.C.C.P. (Vernon's Texas Session Law Service: Tex.Laws 1971, Ch. 987, Sec. 1, 62nd Legislature, H.B. 887, effective June 15, 1971).

Under these amendments, the trial court may, when a defendant is to be fined, order the defendant to pay the entire fine and costs at the time of the pronouncement of sentence, order the defendant to pay the entire fine and costs at a later date, or order the defendant to pay specified portions of the fine and costs at designated intervals. The old statutes did not provide for delayed or installment payments; they required that the defendant pay the entire fine in a lump sum at the time of sentence or go to jail until he paid.

The new amendments are not ex post facto laws as regards their application to the appellant. A law which changes the punishment for a crime after the crime has

been committed is an ex post facto law as prohibited by Tex.Const., Art. I, Sec. 16, Vernon's Ann.St. and U.S.Const. Art. I, Sec. 10, only if it inflicts a greater punishment than did the previous law. Rooney v. North Dakota, 196 U.S. 319, 25 S.Ct. 264, 49 L.Ed. 494; Hill v. State, 158 Tex. Cr.R. 313, 256 S.W.2d 93; Millican v. State, 145 Tex.Cr.R. 195, 167 S.W.2d 188. Compare In re Hunt, 28 Tex.App. 361, 13 S.W. 145; Ex parte Alegria, Tex.Cr. App., 464 S.W.2d 868; and Donald v. Jones, 445 F.2d 601 (5th Cir., 1971). In the case at bar, the punishment has not been substantially altered; the only change has occurred in the method of collection of the fine and costs. This change has the effect of mitigating the punishment, because it makes it easier for a defendant to pay his fines. In the case at bar it means that the Petitioner probably need not be imprisoned as it appears that he can pay the remainder of his fine and costs if he is allowed to do so on an installment or deferred payment basis.

This cause is not reversed, but is remanded to the trial court with instructions that appellant be resentenced in compliance with the terms of the amended statutes.[1]

---

1. Compare Spurlock v. Noe, 467 S.W.2d 320 (Ky.Ct.App., May 21, 1971).