**Ex parte Bernard Eugene CRISP, Jerry Michael Miles, and Joe Lee Sewell.**

**Ex parte Bruce Dudley CARTER.**

**Ex parte Meddie Leon BASS.**

**Nos. 1044–82, 1045–82 and 1049–82.**

Court of Criminal Appeals of Texas.

Dec. 7, 1983.

Dick DeGuerin, Houston, for appellant in No. 1044–82.

Charles D. Houston, Dist. Atty., Bellville, for State in Nos. 1044–82 and 1045–82.

Robert Huttash, State's Atty., Austin, for the State.

Charles O. Grigson, Austin, for appellant in No. 1045–82.

Joe B. Goodwin, Beaumont, for appellant in No. 1049–82.

James S. McGrath, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for State in No. 1049–82.

ON STATE'S MOTION FOR REHEAR-
ING, ON PETITION FOR DISCRE-
TIONARY REVIEW

ODOM, Judge.

On original submission this Court, 661 S.W.2d 954, held the caption to H.B. 730, passed as Acts 1981, 67th Leg., p. 698, ch. 268, was defective under Art. III, Sec. 35, Texas Constitution, which provides:

> "*No bill*, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) *shall contain more than one subject, which shall be expressed in its title.* But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed." (Emphasis added.)

The caption to H.B. 730 states "AN ACT relating to offenses and criminal penalties under the Texas Controlled Substances Act."

The majority opinion on original submission held the caption to H.B. 730 was insufficient because the body of the bill included matters other than the Controlled Substances Act: "The caption to the bill before us refers, at best, to changes in penalties and offenses relating to the Controlled Substances Act (*at worst, the bill doesn't even give notice of those changes*—see concurring opinion by Judge Clinton)." (Emphasis added.) The concurring opinion expressed the view that the caption was utterly insufficient to express even a single subject.

On rehearing the State contends that even if defective for failure to give notice of changes in law outside the Controlled Substances Act, the Court should sever those parts of the act and uphold the changes in the Controlled Substances Act, pursuant to the second sentence of the constitutional provision above quoted.

We hold the caption is utterly defective for the reasons stated in the concurring opinion on original submission, and overrule the state's motion for rehearing. It requires little imagination to see how the requirement of Art. III, Sec. 35, supra, would be rendered totally useless if the caption in this case were sufficient. In the future it would be sufficient to use one of the few standard form captions, such as "An Act relating to the Penal Code," "An Act relating to the Code of Criminal Procedure," "An Act relating to the Family Code," etc. We reject arguments that would require such an unacceptable conclusion.

The motions for rehearing are overruled.

ONION, P.J., concurs.

TOM G. DAVIS, W.C. DAVIS, McCORMICK, and CAMPBELL, JJ., dissent for reasons stated in dissenting opinion on original submission.