**Robert LOPEZ, Appellant,**

**v.**

**The STATE of Texas, State.**

**No. 2–82–114–CR.**

Court of Appeals of Texas,
Fort Worth.

March 7, 1984.

David K. Chapman, San Antonio, for appellant.

Tim Curry, Criminal Dist. Atty., and David H. Montague, Asst. Criminal Dist. Atty., Fort Worth, for the State.

### OPINION

BURDOCK, Justice.

The opinion and judgment of this court delivered on May 11, 1983 are withdrawn and the following opinion substituted therefor.

Appellant was convicted of the offense of aggravated delivery of marihuana. Punishment was assessed by the jury at imprisonment in the Texas Department of Corrections for 16 years and a $50,000 fine. The conviction was reversed by this court in a published opinion, with a dissenting opinion. *Lopez v. State,* 651 S.W.2d 413 (Tex. App.—Fort Worth 1983).

Upon the State's Petition for Discretionary Review, 664 S.W.2d 85, both appellant and the State recognized that the Court of Criminal Appeals' later decision on the constitutionality of House Bill 730 of the 67th Legislature (Acts 1981, Ch. 268, p. 698) should ultimately control the disposition of the cause, and the same has been remanded to this court for reconsideration of appellant's contention that House Bill 730 is unconstitutional in the light of the Court of Criminal Appeals' decision in *Ex Parte Crisp,* 661 S.W.2d 944 (Tex.Cr.App.1983), *reh'g denied* 661 S.W.2d 956 (Tex.Cr.App. 1983).

The conviction in this case was for the delivery of marihuana over 50 pounds but less than 200 pounds. This delivery would constitute a crime under the Controlled Substances Act as it existed prior to the unconstitutional 1981 amendments. However, this offense prior to the 1981 amendments was a third-degree felony. *See* TEX.REV.CIV.STAT.ANN. art. 4476–15 sec. 4.05(d) and (e) (Vernon 1976). Since the range of punishment for a third-degree felony is substantially less than that assessed by the jury, appellant is clearly entitled to a reversal of this conviction on the basis of *Ex Parte Crisp* and it is so ordered.