Ex parte Ricky **PADILLA**, Applicant.

Ex parte Wilford **PADILLA**, Applicant.

Nos. 69243, 69255.

Court of Criminal Appeals of Texas, En Banc.

March 28, 1984.

**112**

George E. Shaffer, Waco, for applicant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

These are postconviction applications for writ of habeas corpus brought on the authority of Article 11.07, § 2, V.A.C.C.P.

Each applicant is confined in the Texas Department of Corrections pursuant to a single judgment of conviction after a jury was apparently authorized by the court to, and did, find each guilty of *both* engaging in organized criminal activity and aggravated possession of more than 50 but less than 200 pounds of marihuana; these offenses were alleged in separate counts and concern the same transaction.[1]

They now contend that since the punishment for each offense is determined by provisions contained in House Bill 730[2] which was declared infirm by the court in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983), that the punishment verdicts and, concomitantly, the judgments of conviction are defective. See Article 37.07, § 3(c), V.A.C.C.P.

One of the offenses each applicant was convicted of—aggravated possession of marihuana—was fully proscribed as well as punished by H.B. 730. See §§ 4.051(c) and 4.051(d)(1), Tex.Rev.Civ.Stat.Ann. art. 4476–15, the Controlled Substances Act [C.S.A.]. And the other offense in question, denounced by our penal code as organized criminal activity, is punished as follows:

> "Except [in cases involving conspiracy], an offense under this section is *one category higher than the most serious offense ... that was committed,* and if the most serious offense is a class A misdemeanor, the offense is a felony of the third degree, except that *if the most serious offense is a felony of the first degree, the offense is a felony of the first degree."*

V.T.C.A. Penal Code, § 71.02(b). The offense the jury found applicants committed

---

1. Each applicant was indicted in a five count indictment, the first of which alleged in substance he did, on the 5th day of January, 1982:
   "... with intent to establish, maintain and participate in a combination and in the profits of a combination, ... *knowingly commit,* by collaborating together with [six named persons] ... *the unlawful delivery and distribution* ... of a controlled substance namely *marihuana in an amount of more than fifty pounds but less than 200 pounds...."*
   The fifth count contained in the indictments alleged applicants, on the same day alleged above, did each,
   "... *knowingly possess* a usable quantity of *marihuana in an amount of more than 50 pounds but less than 200 pounds...."*
   (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)
   While it is apparent that possession of a controlled substance is a lesser offense included within a delivery of the same substance, the irony presented in this cause is that the punish-

   ment range applicable to the aggravated possession found by the jury is more severe than that applicable to the organized criminal activity conduct also found. Compare Tex.Rev.Civ.Stat. Ann. art. 4476–15, § 4.051(d)(1) with V.T.C.A. Penal Code, §§ 71.02(a)(5), (b), and Tex.Rev. Civ.Stat.Ann. art. 4476–15, § 4.05(d)(1) and V.T. C.A. Penal Code, § 12.32(a) and (b).
   The trial court apparently combined the two verdicts of guilty for purposes of punishment charge and authorized the jury to assess a single punishment in the range applicable to the aggravated possession of marihuana, the more severe penalty range of the two in question.
   Plainly, it was error for the trial court to authorize the jury to find each applicant guilty of two different counts which involved the same transaction, and on retrial this error must not be repeated.

2. Acts of the 67th Leg., Reg.Sess., 1981, ch. 268, pg. 696–708, Effective September 1, 1981.

in the instant case was delivery of more than 50 but less than 200 pounds of marihuana; the punishment for delivery of such amount of marihuana at the time of the offense was supplied by H.B. 730.[3] See § 4.05(d)(1), C.S.A.

In *Ex parte Crisp,* supra, the Court held the amendments to the Controlled Substances Act which were contained in H.B. 730 were "unconstitutional and invalid;" therefore, "the Controlled Substances Act stands as though H.B. 730 had never been enacted." 661 S.W.2d at 948.

Because the punishments in this cause were jury assessed, each applicant is entitled to a new trial. Article 37.07, § 3(c), supra.

Applicants are remanded to the custody of the Sheriff of McLennan County to answer the charges against them.

It is so ordered.

---

**3.** The statute denouncing aggravated delivery of marihuana as an offense was also contained in H.B. 730. See § 4.05(c), C.S.A.