**John HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 134–83.**

Court of Criminal Appeals of Texas, En Banc.

May 23, 1984.

Ronald L. Goranson, Dallas, for appellant.

Felipe Reyna, Former Dist. Atty., Vic Feazell, Dist. Atty., Dennis Green, Frank M. Fitzpatrick, Jr. and E. Crawford Long, Asst. Dist. Attys., Waco, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted of possession of more than five but less than fifty pounds of marihuana. Article 4476–15, § 4.051, V.A.C.S. Punishment was assessed by the jury at 18 years' imprisonment.

On appeal, the Waco Court of Appeals affirmed the conviction after reviewing six grounds of error in an unpublished opinion.[1] We granted appellant's Petition for Discretionary Review to ascertain the correctness of that decision, to-wit: (1) whether the Court of Appeals erred in affirming the trial court's overruling of appellant's motion to quash the indictment due to the unconstitutionality of Article 4476–15, as amended by House Bill 730,[2] on the ground that the caption of the amendment failed to comply with the constitutional mandate of Article III, § 35 of the Texas Constitution;[3] (2) whether the Court of Appeals erred in affirming the trial court's overruling of appellant's motion to suppress evidence due to the unconstitutionality of the affidavit to the search warrant for its failure to comply with the first prong of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Due to our disposition of the first ground of error, we do not address this latter ground.

At the outset, we note that appellant raises the identical issue that this court dealt with earlier in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983), in declaring Article 4476–15, as amended by House Bill 730, unconstitutional. The holding in *Crisp*, applies to appellant herein.

However, in *Crisp* we refused to set aside the convictions because "the Controlled Substances Act remained in effect as though H.B. 730 had never been enacted" (*Ex parte Crisp*, 661 S.W.2d, at 948), because when an amendment to an act (which is what H.B. 730 was) is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. *White v. State*, 440 S.W.2d 660, at 667 (Tex.Cr.App.1969), citing *Doucette v. State*, 166 Tex.Cr.R. 596, 317 S.W.2d 200 (1958).

In appellant's case, however, we are unable to take the same action as we did in *Crisp*. Although the indictment herein could be interpreted to allege an offense under the law as it existed prior to the enactment of H.B. 730,[4] the classification of such an offense under the prior law (and

1. *Hernandez v. State* (No. 10–82–944–CR, 11/30/82).

2. H.B. 730, Acts of the 67th Leg., Reg.Sess., 1981, ch. 268, Pg. 696–708, eff. Sept. 1, 1981.

3. Article III, § 35 of the Texas Constitution reads:
   "No bill (except general appropriations bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall be not so expressed."

4. See Article 4476–15, § 4.05, which states, in pertinent part:
   "(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.
   "(b) An offense under Subsection (a) of this section is:
   "(1) a felony of the third degree if he possesses more than four ounces."

now existing law since *Crisp*) is a third degree felony, whereas it was classified as a second degree felony under the H.B. 730 amendment to Article 4476–15, V.A.C.S. Since appellant was tried by a jury,[5] could not have been convicted of a second degree felony, and could not have been assessed punishment at 18 years under the law as it existed prior to the enactment of H.B. 730,[6] we must reverse his conviction.

The holding of the Court of Appeals is reversed and this cause is remanded. See *Ex parte Padilla*, 666 S.W.2d 111 (Tex.Cr. App.1984).

---

**5.** See *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr. App.1977), wherein this court stated that when error occurs, on a punishment hearing before a jury, this court is without authority to direct a new punishment hearing alone to a new judge or jury, but must remand the entire proceeding for a new trial. See, also, Article 44.29, V.A.C. C.P.

**6.** Section 12.33, V.A.P.C., states, in pertinent part:

"(a) An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years."

Section 12.34, V.A.P.C., states, in pertinent part:

"(a) An individual adjudged guilty of a felony of the third degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 10 years or less than 2 years."