**Paul David WAHL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–83–0035–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Sept. 27, 1984.

Steve Rozan, Houston, for appellant.

Harvey Hudson, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

DOYLE, Justice.

The appellant was charged by a four-count indictment with possessing and manufacturing methamphetamine pursuant to the provisions of Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.04(a), (c), (d)(2) (1981). Finally, all counts were abandoned except the first count which charged appellant with the manufacture of at least 400 grams of methamphetamine. A jury found appellant guilty as charged. The court, after receiving a pre-sentence investigation report, assessed punishment at sixteen years.

Houston police officers gained knowledge from confidential informants that methamphetamine was being secretly manufactured at 3402 Amanda Street, Houston, Texas. An intermittent surveillance of the building at that location was established. On June 4, 1982, after obtaining a search warrant, the officers entered the building, smashed through two locked doors and found the appellant. He was emerging from the room where the officers subsequently discovered a methamphetamine laboratory. The appellant had the keys to the building in his pocket. His fingerprints were found on several items of equipment, which he claimed he was forced to touch after being beaten by the officers.

By his first of five grounds of error, the appellant avers that the trial court erred in not allowing appellant to demonstrate before the jury that he did not have the mental intent to commit the offense as alleged. Specifically, appellant sought to prove by Dr. Jerome Brown, a psychologist, that he was mentally incapable, due to his low intelligence quotient, of setting up the process for manufacturing methamphetamine.

The appellant did not plead nor urge insanity or mental incompetency at the tri-

al, nor does he now urge such. He merely contends that Dr. Brown's testimony, given out of the presence of the jury, should have been admitted before the jury for the purpose of proving the appellant's lack of mental capacity.

■ Dr. Brown's testimony could not have in any manner aided the jury in resolving the guilt/innocence issue. Since there was no claim of insanity and specific intent was not an element of the offense charged, the trial court correctly excluded the testimony. *Cowles v. State,* 510 S.W.2d 608 (Tex.Crim.App.1974). Ground of error one is overruled.

Grounds of error two and three have been considered and present no sustainable merit.

In grounds of error four and five, appellant claims that the trial court erred in allowing the case to proceed to trial because the caption of H.B. 730 violated the Texas Constitution Art. III, sec. 35 (1955), since it failed to provide adequate notice of the major changes contained in the body of the bill and the bill was therefore defective and unconstitutional.

The record in the case before us reflects that the appellant was charged and convicted under H.B. 730, "An Act relating to offenses and criminal penalties under the Texas Controlled Substances Act." On September 14, 1983, this amended statute was held to be unconstitutional as offensive to art. III, sec. 35, Texas Constitution. *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Crim. App.1983). On petition for discretionary review, the State's motions for rehearing were overruled and the *Crisp* holding was reaffirmed on December 7, 1983.

The State admits that H.B. 730 is invalid, but argues that a new trial should be denied because appellant was convicted of manufacturing methamphetamine, a first degree felony under the Controlled Substances Act even before it was amended. The pre-amendment Tex.Rev.Civ.Stat.Ann., art., 4476–15, sec. 4.03(a), (b)(1) reads as follows:

(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4.

(b) An offense under Subsection (a) of this section with respect to:

(1) A controlled substance in Penalty Group 1 is a felony of the first degree;

Still under the "old law" (Art. 4476–15, sec. 4.01(b)(1)):

(1) Felonies of the first degree. An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for a term on not more than 99 years or less than five years.

Methamphetamine was a first degree felony under sec. 4.02(a), (b)(4), (6) before H.B. 730.

It is undisputed that appellant was convicted under an indictment which read:

intentionally and knowingly manufacture by production independently by means of chemical synthesis, a controlled substance, namely, Methamphetamine, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams.

This is a provision embodied in the amended art. 4476–15, sec. 4.03(a), (c). Under this same section at (d)(3), the offense is:

(3) punishable by confinement in the Texas Department of Corrections for life or for a term of not more than 99 years or less than 15 years, and a fine not to exceed $250,000 if the amount of the controlled substance manufactured, delivered or possessed with intent to manufacture, delivered or possessed with intent to manufacture or deliver is, by aggregate weight, including any adulterants or dilutants, 400 grams or more.

It is appellant's contention that under the holding in *Crisp*, if his case is remanded, he should be re-indicted and re-tried under the "old law."

We agree for several reasons. While we realize that H.B. 730 is unconstitutional,

the indictment as drawn stated an offense under the provisions of the Controlled Substances Act as it existed before the amendments. In *Crisp*, the appellants sought by writs of habeas corpus to be discharged from custody because H.B. 730 was unconstitutional. Thus, they reasoned, there was no valid statute under which they could be charged. The Court held that although H.B. 730 was unconstitutional, the former Controlled Substances Act which it sought to amend remained in full force and effect as though H.B. 730 had never been enacted. The Court, in affirming the Austin Court of Appeals' denial of the writs of habeas corpus, further stated:

If an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause ... We therefore hold that the Controlled Substances Act stands as though H.B. 730 had never been enacted.

Accordingly, given that the indictments in the instant case allege possession of a quantity of marihuana of more than four ounces, which was an offense under the law as it existed before H.B. 730 was passed, the judgment of the Court of Appeals is affirmed.... Appellants shall remain in the custody of the Fayette County Sheriff to stand trial under the proper law. [Citations omitted.]

The facts before us show that the appellant chose to have the jury determine his guilt or innocence and the court to fix his punishment. The jury found the appellant guilty as charged under an indictment that stated an offense under the Act as it existed before H.B. 730.

However, there remains the question of whether the trial court properly assessed punishment. We know the court had before it as the basis for its consideration and determination, an invalid law that would not allow it to consider any term of years less than fifteen. See sec. 4.03(d)(3) of H.B. 730, *supra*. Under the old Controlled Substances Act, sec. 4.01(b)(1) *supra*, which should have been the basis of the court's consideration, a minimum sentence

of five years was a possible amount of punishment. As the facts show, the court was inclined to consider a lighter sentence as is revealed by the sixteen year sentence, one year above the lowest possible under H.B. 730. Thus, what the court would do on resentencing is pure speculation. On remand for sentencing only, would the judge be the same person who originally heard the case and fixed punishment? Would such judge have changed his attitude toward drug trafficking since September, 1982? What if the court has a new judge who had no opportunity to hear the testimony nor observe the demeanor of the witnesses at the trial? This is the specter from which appellant seeks to free himself, which he asserts can only be accomplished by re-indictment and retrial.

It appears to us that in every case, the accused is entitled to begin his journey through the criminal justice system with a correct indictment, i.e., one based upon a valid law. He should know what the prescribed range of punishment is for the crime with which he has been charged. This is the very foundation of his plea and/or plea bargaining, his application for probation, and his decision to have his case tried before the court or jury. The Court of Criminal Appeals granted the appellant's petition for discretionary review for *Gruessing v. State*, No. 745–83, February 8, 1984 (not yet reported), and held that the trial court should have quashed the indictment in response to appellant's request because H.B. 730 is unconstitutional. The appellant, Charles Joseph Gruessing, had pled guilty and was convicted for possession of at least 400 grams of cocaine. The indictments and sentences of 16 years were identical in *Gruessing, supra,* and our case, except that the controlled substance involved in our case was methamphetamine.

■ We conclude that the indictment before us is void as in *Gruessing* and the sentencing was a nullity. Therefore, the appellant stands as though he had never been indicted. He should be re-indicted under the Controlled Substances Act as it

existed prior to the enactment of H.B. 730. This would be consistent with the holding in *Ex parte Crisp* and *Gruessing.*

Appellant's ground of error number five is sustained.

The judgment of the trial court is reversed and the cause remanded proceedings consistent with the foregoing instruction.