**Robert Allen HURWITZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–83–090–CR.**

Court of Appeals of Texas,
Austin.

June 6, 1984.

Discretionary Review Granted
Oct. 31, 1984.

James M. Pape, San Marcos, for appellant,

Edward J. Walsh, Dist. Atty., Ken Anderson, Asst. Dist. Atty., Georgetown, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

## IN MOTION FOR REHEARING

### PER CURIAM.

This Court's opinion and judgment filed on November 23, 1983, are withdrawn; the following opinion and the judgment of even date are filed in their place.

Appeal is taken from a judgment of conviction, entered after a plea of guilty pursuant to a plea bargain, for possession of marihuana, a controlled substance.[1] Punishment was assessed by the court at incarceration for two years, as recommended by the State.

By three grounds of error, appellant complains of the unconstitutionality of the statute under which he was tried, the denial of his motion to suppress evidence, and the denial of his motion to set aside the indictment for failure to grant a speedy trial. This Court will affirm the judgment.

We will first address appellant's speedy trial claim. Appellant was arrested on September 8, 1982. The State filed a written announcement of ready on December 7, 1982, ninety days after the arrest. By filing the announcement of ready within the 120-day time period prescribed by the Speedy Trial Act, Tex.Code Cr.P.Ann. art. 32A.02 (Supp.1984), the State established, *prima facie*, that it was, in fact, prepared for trial. *Phipps v. State*, 630 S.W.2d 942 (Tex.Cr.App.1982); *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The burden then shifted to appellant to go forward with evidence demonstrating that the State was not ready for trial. *Id.*

The hearing on appellant's motion was held on January 25, 1983, more than

---

1. *See* § 4.051(b)(4) of the Controlled Substances Act, as amended by House Bill 730, effective September 1, 1981, hereafter referred to as "the 1981 act." 1981 Tex.Gen. Laws, ch. 268.

120 days from the date of appellant's arrest. At the hearing, appellant established that the State had not subpoenaed any witnesses for the January 31, 1983, trial date until January 24, 1983, and now contends that this proves the State was not ready for trial within the prescribed 120 days. An examination of the Court's docket sheet, however, reveals that the January 31 trial date was set on December 21, 1982, well within the 120-day period. It is well-settled that the Speedy Trial Act addresses itself to prosecutorial delay rather than the judicial process as a whole, and does not encompass the court or its docket. Although the trial may not commence until after the expiration of the specified time limit, the issue in applying the act is the State's readiness for trial rather than the date of trial. *Mendoza v. State*, 636 S.W.2d 198, 201 (Tex.Cr.App.1982); *Barfield v. State, supra* at 540–41. Thus, the fact that the cause was set for a trial date outside the 120-day period does not rebut the State's announcement of readiness. Additionally, in the context presented, there is no requirement that the State subpoena witnesses far in advance of trial just so that the subpoenas may be issued before the 120-day period expires. We therefore hold that appellant failed to rebut the State's announcement of readiness for trial. The ground of error is overruled.

We turn next to appellant's complaint that the district court erred in denying his motion to suppress evidence of marihuana seized in an allegedly illegal search. Appellant argues that the search was illegal because the information set out as establishing probable cause in the search warrant affidavit was obtained as the result of an unlawful intrusion onto his property. The affidavit states that the "affiant personally went onto the land ... and observed the field of growing marijuana." It further relates that four days later the affiant flew over the field and observed that the marihuana field was still there.

At the hearing on the motion to suppress, the affiant testified that he received a tip that marihuana was being grown in the field in question. He and the informant visited the site, which was described as being in a rural, wooded area. The affiant further testified that the tract was approximately thirty acres in size, was enclosed by a fence with a locked gate, and had a "no trespassing" sign posted on the fence. The marihuana field was not visible from the gate, so the affiant and the informant climbed over the fence, and followed a path through some brush to the marihuana field. Appellant claims that the entrance onto the property was made illegally, and as a result the information obtained thereby cannot be used to establish probable cause to issue a search warrant.

The State responds that the search comes within the "open fields" doctrine, first enunciated in *Hester v. United States,* 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898 (1924), and recently clarified in *Oliver v. United States,* —— U.S. ——, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). We agree.

An examination of *Hester* and *Oliver* reveals the following principles to be applied in this appeal. The "open fields" doctrine is based upon the premise that the Fourth Amendment accords "special protection ... to the people in their 'persons, houses, papers, and effects,' [and] is not extended to open fields." *Hester, supra,* 265 U.S. at 59, 44 S.Ct. at 446. An "open field" need not be "open" or a "field" as those terms are commonly used. A fenced, thickly wooded area may be an open field for purpose of Fourth Amendment analysis. *Oliver, supra,* —— U.S. at —— and n. 11, 104 S.Ct. at 1742 and n. 11. The term may be defined as "any unoccupied or undeveloped area outside the curtilage" of a dwelling. *Id.* The "curtilage," a concept of the common law, is that area immediately adjacent to the home to which the intimate activity of home life extends. *Id.* and n. 12. No *legitimate* expectation of privacy attaches to unoccupied, undeveloped areas outside the curtilage. Further, the erection of fences, locked gates, and no-trespassing signs around the area in question affords no protection under the Fourth

Amendment. As stated in *Oliver, id.* at ——, 104 S.Ct. at 1743:

> Initially, we reject the suggestion that steps taken to protect privacy establish that expectations of privacy in an open field are legitimate. * * * [I]n order to conceal their criminal activities [the defendants] planted the marijuana upon secluded land and erected fences and no trespassing signs around the property. And it may be that because of such precautions, few members of the public stumbled upon the marijuana crops seized by the police. Neither of these suppositions demonstrates, however, that the · expectation of privacy was *legitimate* in the sense required by the Fourth Amendment. Rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment. ... [W]e find no basis for concluding that a police inspection of open fields accomplishes such an infringement. [emphasis in original]

Last, "in the case of open fields, the general rights of property protected by the common law of trespass have little or no relevance to the applicability of the Fourth Amendment." *Id.* at —— and n. 15, 104 S.Ct. at 1744 and n. 15.

■ Applying these principles in the case before us, we conclude that the trial court did not err in denying appellant's motion to suppress. The record reflects that the field of marihuana was located some 175 to 200 yards away from an apparently unoccupied trailer house. The field was not visible from the house. Under these circumstances, we are unable to conclude that the field was within an area in which Hurwitz had any legitimate expectation of privacy. The ground of error is overruled.

We turn last to appellant's ground of error one, by which he complains of the trial court "requiring the appellant to be tried under section 4.051 of the Texas Controlled Substances Act, an unconstitutional statute." More specifically, appellant contends that his plea of guilty, pursuant to a plea-bargain agreement, was coerced because he was erroneously admonished as to the maximum punishment available to be assessed. We do not agree.

■ House Bill 730, *supra* note 1, was not properly captioned and was therefore unconstitutional and void. *Crisp v. State*, 643 S.W.2d 487 (Tex.App.1982), *aff'd, Ex parte Crisp*, 661 S.W.2d 944, 661 S.W.2d 956 (Tex.Cr.App.1983). Thus, the law governing appellant's offense was that found in § 4.05 of the Controlled Substances Act as it read before the enactment of House Bill 730. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.05 (1976); *Crisp v. State, supra; Ex parte Demmitt*, 664 S.W.2d 725 (Tex.Cr.App.1984). Under § 4.05 of the act as originally adopted, possession of more than four ounces of marihuana was punishable as a third-degree felony.

In count two of the indictment, appellant was charged with possession of fifty pounds or less but more than five pounds of marihuana. *See* § 4.051(b)(4) of the 1981 act. As previously stated, pursuant to a plea-bargain agreement, appellant entered a plea of guilty to the offense alleged in count two. The punishment assessed by the trial court, two years' confinement, was recommended by the State in accordance with the agreement.

Before accepting appellant's plea of guilty, the trial court admonished him as required by Tex.Code Cr.P.Ann. art. 26.-13(a) (Supp.1984). As part of this admonishment, *see* art. 26.13(a)(1), appellant was advised that the offense to which he was pleading guilty was punishable by imprisonment for a term of not more than *twenty* years or less than *two* years, and a fine not to exceed $10,000. This was the range of punishment prescribed by § 4.051(b)(4) of the 1981 act. This admonishment as to the range of punishment was erroneous. Appellant was on trial for a third-degree felony, punishable by imprisonment for not more than *ten* years or less than *two* years, and a fine not to exceed $5,000. Art. 4476–15, § 4.05, *supra;* Tex.Pen.Code Ann. § 12.34 (1974).

■ Subsection (c) of art. 26.13, *supra,* provides:

> In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

Under this provision, the primary focus of analysis is on substantial compliance, and not harmless error, because an affirmative showing of prejudice by the defendant is unnecessary if there has been no substantial compliance with art. 26.13(a). *Whitten v. State,* 587 S.W.2d 156, 157 (Tex.Cr.App. 1979) (on State's motion for rehearing). It is clear that if the trial court fails to admonish the defendant as to any range of punishment, there is no substantial compliance with art. 26.13(a)(1). *Id.; Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980). But, as is the case here, the erroneous admonishment as to the range of punishment attached to a second-degree felony, when the offense charged was a third-degree felony, has been held to be substantial compliance with the statute. *Taylor v. State,* 610 S.W.2d 471, 478 (Tex.Cr.App. 1981) (on State's motion for rehearing). In so holding, the court in *Taylor* noted:

> [T]he trial court stated the correct minimum punishment, but announced an excessive maximum. * * * In this case, unlike *Ex parte McAtee,* 599 S.W.2d 335, appellant did 'receive an admonishment with respect to punishment, although not a complete one,' which, under *McAtee,* 'is a *prima facie* showing of a knowing and voluntary plea of guilty.'

■ Upon the authority of *Taylor,* we hold that the admonishment given in this case constituted substantial compliance with art. 26.13, and that there was "a *prima facie* showing of a knowing and voluntary plea of guilty." Therefore, the admonishment was sufficient under art. 26.-13(c) unless the appellant can show, from the record, "that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment...."

■ A review of the record shows to the contrary. It reveals the following:

(1) Appellant's motion to quash the indictment was filed after and expressly based upon this Court's opinion in *Crisp v. State, supra;*

(2) At the hearing on the motion, which occurred after the Court of Criminal Appeals had granted the State's petition for discretionary review in *Crisp,* it was apparent to the trial court, the State, *and* defense counsel (and presumptively to appellant) that appellant was charged with either a third-degree felony or, alternatively, aggravated possession (count one) and a second-degree felony (count two), depending upon whether this Court's decision in *Crisp* withstood review in the Court of Criminal Appeals;

(3) With this knowledge, the State and appellant entered into a plea-bargain agreement, by the terms of which the State would elect to proceed on count two, the "second-degree" felony, and recommend punishment of confinement for *two* years (the minimum whether the offense were a second-or third-degree felony), in return for appellant's plea of guilty.

Given this set of facts, while we may conclude that appellant's decision as to his plea to be entered may have been rendered more burdensome by the *unsettled state of the law,* we cannot conclude that he was misled or harmed by the court's *admonishment,* which the record reflects he *knew* might or might not be correct. It is equally clear, as to his knowledge of the consequences of his plea, that he was aware that he had bargained for the minimum punishment available, regardless of the uncertainty as to whether the offense was a second- or third-degree felony.[2] The ground of error is overruled.

---

**2.** *Contrast Johnston v. State,* 670 S.W.2d 394 (Tex.App—Austin, 1984) in which the appellants, *prior* to this Court's opinion in *Crisp, supra,* pleaded guilty to possession of marihuana

The judgment of the trial court is affirmed.

pursuant to a plea bargain. They were admonished, under § 4.051(d)(1) of the 1981 act, that the offense was punishable by imprisonment for *life* or for a term of not more than *ninety-nine* years or less than *five* years. In fact, as in this case, under art. 4476–15, § 4.05 (1976), the offense was punishable by imprisonment for not more than *ten* years or less than *two* years. This Court concluded that the faulty admonishment did not substantially comply with the requirements of art. 26.13(a), and affected the voluntariness of the pleas. Unlike the present case, however, there the trial court misstated both the maximum and minimum punishments

applicable; the court, the State and the appellant all believed the admonishment to be correct; the erroneous minimum of five years' imprisonment was a central part of the plea bargain; and the appellants believed they had bargained for and received the lowest punishment available. *Compare Hodges v. State,* 604 S.W.2d 152, 156 (Tex.Cr.App.1980). As we noted in *Johnston,* even if the admonishment had substantially complied with art. 26.13(a), the appellants there satisfied the requirement of showing they were "misled or harmed" and were "not aware of the consequences of" their pleas.