Robert Allen HURWITZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 742–84.

Court of Criminal Appeals of Texas,
En Banc.

April 10, 1985.

James M. Pape, San Marcos, Tx., for appellant.

Edward J. Walsh, Dist. Atty., & Ken Anderson, Asst. Dist. Atty., Georgetown, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of the offense of possession of marihuana pursuant to V.A. C.S. Art. 4476–15 § 4.051(b)(4), and punishment was assessed by the court at two years confinement in the Texas Department of Corrections.

We granted review in this case to examine the court of appeals handling of appellant's contention that his plea of guilty was not voluntary. Specifically, appellant contended that since his indictment was for a crime contained in an unconstitutional statute, the trial judge's admonishment as to the range of punishment was improper, rendering his guilty plea involuntary.

The appellant was indicted in a two count indictment charging him in Count I with possessing more than fifty pounds of marihuana prohibited by § 4.051(d)(1), V.A.C.S. Art. 4476–15, and in Count II with possessing more than five pounds and less than fifty pounds of marihuana prohibited by § 4.051(b)(4), V.A.C.S. Art. 4476–15.

In *Ex parte Crisp*, 661 S.W.2d 944, *aff'd. on rehearing*, 661 S.W.2d 956 (Tex.Cr.App. 1983), this Court held that House Bill 730, 1981 Tex.Gen.Laws, Ch. 268, which added § 4.051 to the Act, was unconstitutional. We also held that the Controlled Substances Act stood as if House Bill 730 had never been enacted.

Appellant pled guilty to Count II of the indictment. Count II was, under H.B. 730, a second degree felony and appellant was appropriately admonished of the penalty range by the trial judge. The effect of our decision in *Crisp*, supra, was that Count II was in reality a third degree felony. Thus, the trial judge told the appellant that the maximum sentence he could receive was twenty years when it was actually ten years.

In affirming appellant's conviction, the court of appeals relied on *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980). Appellant now relies heavily on *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App.1984), which cites *Taylor* with approval. At first glance, this case seems to be identical to *Smith*. In *Smith*, this Court held that:

"It was established there was an improper admonishment as to penalty, and ... there was a plea bargain, a plea bargain based upon the wrong range of punishment. *Appellant alleged under oath he would not have entered the plea bargain if he had known the maximum penalty was only one-half of what he was told.*

\*    \*    \*    \*    \*    \*

*"We conclude that applicant was not aware of the consequences of his plea,* that he was harmed by the court's admonishment, and further, under all the circumstances, the guilty plea was not knowingly and voluntarily entered." (Emphasis added.)

Like *Smith*, supra, appellant contends that his plea of guilty, pursuant to a plea bargain agreement, was coerced because he was erroneously admonished as to the maximum punishment available to be assessed. As correctly pointed out by the court of appeals, however, there are some circumstances in the case at bar which distinguish it from *Smith*, supra.

Appellant filed a pre-trial motion to quash the indictment which was based solely upon the Third Court of Appeals opinion in *Crisp v. State*, 643 S.W.2d 487 (Tex.App. —Austin 1982). The hearing on this motion occurred *after* this Court had granted

the State's petition for discretionary review in *Crisp.* The record reflects extensive discussion between the Court, the State, and defense counsel concerning the unsettled state of the law until this Court rendered its decision in *Crisp.* As the court of appeals pointed out in its decision, it was apparent to everyone that appellant was charged with either a third-degree felony or, alternatively, aggravated possession (Count I), and a second-degree felony (Count II), depending on this Court's holding in *Crisp.*

Appellant very clearly had this knowledge when he entered into his plea bargain agreement with the State. The plea bargain agreement reads in pertinent part:

> "The defendant agrees to plead guilty to the offense alleged in Count II of the indictment. The State elects to waive Count I of the indictment and proceed on Count II in return for said plea. The State recommends confinement in the Texas Department of Corrections for two (2) years."

Essentially what the State did was waive the aggravated portion of the indictment and recommend a punishment which would be the minimum whether the offense were a second or third-degree felony, in return for appellant's plea of guilty.

Given this set of facts, we must agree with the holding in the court of appeals that:

> "While we may conclude that appellant's decision as to his plea to be entered may have been rendered more burdensome by the *unsettled state of the law,* we cannot conclude that he was misled or harmed by the court's *admonishment,* which the record reflects he *knew* might or might not be correct. It is equally clear, as to his knowledge of the consequences of his plea, that he was aware that he had bargained for the minimum punishment available, regardless of the uncertainty as to whether the offense was a second- or third-degree felony." (Emphasis original.) 673 S.W.2d 347 at 351.

The reasoning the court of appeals followed in affirming appellant's conviction is

sound, and we approve it. The judgment of the court of appeals is affirmed.

CLINTON, Judge, concurring.

The "primary focus of the analysis [of the court below] is on substantial compliance" with Article 26.13, V.A.C.C.P. *Hurwitz v. State,* 673 S.W.2d 347, 351 (Tex.App.—Austin 1984). That analysis flows from its premise that the part of his admonishment as to range of punishment given by the judge of the trial court is "erroneous," *id.,* at 350. In my view, however, what is erroneous is that premise.

A few days before the guilty plea hearing the trial court had overruled a motion to quash the indictment founded on the holding in *Crisp v. State,* 643 S.W.2d 487 (Tex.App.—Austin 1982), affirmed, *Ex parte Crisp,* 661 S.W.2d 944, aff'd on rehearing, 661 S.W.2d 956 (Tex.Cr.App.1983). On the day the trial judge admonished appellant the range of punishment provided by statute for the second degree felony with which he was then charged was a term not more than twenty years nor less than two years and a fine not to exceed $10,000. That is precisely what the trial judge informed appellant.

An admonishment comporting with the law then in effect simply is not "erroneous." That there is extant—but not final— an opinion of an appellate court holding invalid the legislative act from which that particular offense is derived would not authorize or require a judge, who has earlier overruled an attack against the statute, to state a range of punishment other than that provided therein by the Legislature. See *Komurke v. State,* 562 S.W.2d 230, 235 (Tex.Cr.App.1978).

To find an admonishment as to range of punishment wanting because the statutory amendment underlying the prosecution was later found unconstitutional is, of course, to indulge in sheer fiction. Rather than continuing to engage in that kind of fiction, the Court should test propriety of accepting a plea of guilty or nolo contendere under Article 26.13, V.A.C.C.P., in light of

the existing substantive statutory prescription of the offense charged—then and there presumptively valid, after all—as well as the admonishment that is given and other conditions accompanying entry of the plea.

Acceptance of the plea of guilty passes muster in those circumstances in this cause. The admonishment was correct and proper when given. In the absence of evidence showing otherwise it follows that the guilty plea was made freely and voluntarily. Thus, "substantial compliance" is not in the case.

The plea bargain appears to be regular, and there is nothing in this record to suggest that in the face of a mountain of evidence to support a finding of guilt, appellant entered his plea for any other reason than to perfect an appeal on the merits of his motion to suppress that evidence. The judgment and sentence in this cause describe the offense as "possession of marihuana"—without stating a classification as to degree of felony. The punishment is two years confinement in the Texas Department of Corrections.

On those bases the judgment of the court of appeals should be affirmed.[1]

But for the fact that H.B. 730 was subsequently found unconstitutional there would be no question about what the prosecution and accused agreed to do and did and what the trial court ultimately did. Under each ground appellant acknowledges that the punishment assessed is within the range of a felony of the third degree. (Actually it is the absolute minimum.) Nevertheless, he

contends that "under the circumstances, it was manifestly unfair to threaten him with a twenty-year exposure, and the action of the trial court in so doing had a coercive effect concerning the guilty plea entered." Reiterating that contention in his brief on the merits, appellant adds a citation to and quotes from *Ex parte Smith*, 678 S.W.2d 78 (Tex.Cr.App.1984); it had not been decided by this Court before the opinion of the court below was delivered.

Similarly, the majority opinion examines *Smith*, and though the majority then proceeds to distinguish *Smith* from the circumstances of this cause, the perceived need to make that distinction lends credibility and weight to its precedential value. *Smith*, like this cause was seen by the court of appeals, involved a "substantial compliance" determination. Without explaining its reason for finding that admonishment "improper," *Smith* merely states: "There can be no question that the admonition was not proper." 678 S.W.2d at 78. The Austin Court of Appeals found that since the effect of *Crisp* was to revive the Texas Controlled Substances Act (Act) as it existed prior to enactment of H.B. 730, appellant "was on trial for a third-degree felony," and therefore the admonishment as to range of punishment for a second degree felony actually given by the trial judge was "erroneous." Presumably, a similar but unstated rationale led to the same conclusion in *Smith*. Retroactively, then, an admonishment correctly made at the time becomes incorrect, and depending on other circumstances may undo the en-

---

1. Indeed, appellant has not sought review on a theory that when given the admonishment was erroneous *per se*. His ground for review is: "The trial of petitioner pursuant to his indictment under an unconstitutional statute rendered his guilty plea involuntary." And as I understand his ground of error one in the court of appeals, it is stated substantially the same. *Hurwitz v. State*, supra, at 350. So far no one seems to have addressed the ground headon, opting instead to look at a contention made under it. Addressing the ground first, I find it is untenable for much the same reasons I would affirm the judgment of the court of appeals: that the statute was later found unconstitutional

would not *ipso facto* render an otherwise free and voluntary plea "involuntary." However, other factors—such as assessment of punishment within a higher range than authorized by the revived law—might require reversal of the conviction. Compare *Hernandez v. State*, 669 S.W.2d 734 (Tex.Cr.App.1984).

(There is a misstatement of historical fact in *Hernandez*. At page 735 it is said that "in *Crisp* we refused to set aside the convictions ..." The basis for the habeas corpus proceeding in *Crisp* was that the statute underlying the prospective prosecution was unconstitutional; trial had not yet been held; there were no convictions to set aside. See *Crisp*, at 948.)

tire trial—*Smith* awards a new trial while appellant is denied one.

The plea hearing in *Smith* had been held on September 16, 1983; an appeal was not taken. The *Crisp* opinion of this Court on rehearing was not delivered until December 7, 1983. Under the rationale developed *ante,* I am now convinced that *in this narrow aspect Smith* is wrong. Since the trial judge correctly stated the range just as provided by the applicable statute then in effect, in my view the admonishment in *Smith* with respect to the range of punishment was not "improper."

For those reasons I join the judgment of the Court.

W.C. DAVIS and McCORMICK, JJ., join.

TEAGUE, Judge, concurring.

I agree with the majority that the result that the court of appeals reached is correct, that appellant is not entitled to relief. Robert Allen Hurwitz, appellant, had asserted on appeal that his plea of guilty, made pursuant to a plea bargain agreement, was coerced because he was erroneously admonished by the trial judge as to the maximum possible punishment available. Because I find that "The reasoning the court of appeals followed in affirming appellant's conviction is unsound," as is the reasoning the majority follows in this cause, I can only concur in the result the majority reaches in this cause.

What causes the majority's reasoning to be faulty lies in the fact that it is attempting to resolve the issue of whether appellant was properly admonished by the trial judge by applying some form of retrospectivity to what we now know to be the law to what was the law at the time the appellant entered his plea of guilty in this cause. However, in this instance, but as Judge Clinton correctly points out in the concurring opinion that he has filed in this cause, "The admonishment [that appellant received in this cause] was correct and proper when given. In the absence of evidence showing otherwise it follows that the guilty plea was made freely and voluntarily

...." Judge Clinton, however, opines that the issue of "substantial compliance," see Art. 26.13, V.A.C.C.P., is not in the case. For reasons soon to be stated, I am unable to agree with Judge Clinton that the issue of "substantial compliance" is not in this cause. However, I do agree with Judge Clinton's implicit suggestion that *Ex parte Smith,* 678 S.W.2d 78 (Tex.Cr.App.1984), should be expressly overruled.

I believe that what appellant is actually trying to accomplish in this cause is to have this Court invoke and apply to this cause the provisions of Art. 1, Section 16, *Texas Constitution,* which provides: "No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

In *Millican v. State,* 145 Tex.Cr.R. 195, 167 S.W.2d 188 (1943), this Court wrote: "An ex post facto law, in criminal matters, is defined by Justice Wheeler in the case of *Holt v. State,* 2 Tex. page 363, as follows: The prohibition as to ex post facto laws, Constitution Art. 1, Section 14, has been held to extend only to a law which makes an act done before its passage and which was innocent when done, criminal; or which aggravates a crime and makes it greater than when committed; or which changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed; or which alters the legal rules of evidence and receives less, or different testimony than the law required at the time of the commission of the offense, in order to convict the offender. (Citations Omitted.)" (190).

In this instance, however, appellant was convicted and punished under what was then a presumptively valid law. However, in *Ex parte Crisp,* 661 S.W.2d 944, aff'd on rehearing, 661 S.W.2d 956 (Tex.Cr.App. 1983), this Court affirmed the decision of the Austin Court of Appeals, see *Crisp v. State,* 643 S.W.2d 487 (Tex.App.—Austin 1982), and declared that because of Art. III, Section 35 of the Texas Constitution, the Controlled Substances Act under which appellant was found guilty was unconstitutional. This Court also held that the Con-

trolled Substances Act stood as if the new law had never been enacted.

Thus, appellant is not the victim of a law which changed the punishment for a crime after the crime had been committed, which would be an ex post facto law, nor is he the victim of a law that inflicted a greater punishment, which also would be an ex post facto law. To the contrary, but by what this Court held in *Ex parte Crisp*, supra, appellant's conviction stands as though he had been convicted under the former law, which considerably decreased the punishment that was provided by the law under which he was convicted.

In the case at bar, by virtue of this Court's decision in *Ex parte Crisp*, supra, the range of punishment for appellant's offense has been considerably decreased from what it was under the new law. See and compare *Ex parte Scott*, 471 S.W.2d 54 (Tex.Cr.App.1971). In this instance, appellant received the minimum punishment that was provided under the former law, and there is no claim that had the former law been in effect when appellant pled guilty he would have received a different punishment. This Court's decision of *Ex parte Crisp*, supra, caused the trial court's admonition to be incorrect only as to the maximum possible punishment that could have been assessed. In *Taylor v. State*, 610 S.W.2d 471, 478 (Tex.Cr.App.1981), (Opinion on State's Motion for Rehearing), a majority of this Court held that in admonishing a defendant, if the trial judge states the correct minimum possible punishment, but incorrectly states the maximum possible punishment, but the defendant's punishment is assessed within the correct range of punishment, notwithstanding the error, there has been substantial compliance with the provisions of Art. 26.13, V.A. C.C.P. Thus, in this cause, the admonishment that appellant received from the trial judge was in substantial compliance with the law that was formerly in effect. The error in the trial court's admonition did not cause the appellant's plea to become involuntary, nor is he subject to any type ex post facto law.

The majority reaches the right result. I concur.