**Paul David WAHL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1054–84.**

Court of Criminal Appeals of Texas, En Banc.

July 24, 1985.

Steven Jay Rozan, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson, Asst. Dist. Atty., Hous-

ton, Robert Huttash, State's Atty., Austin, for the State.

ONION, Presiding Judge.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

Appellant was convicted by a jury under the first count of the indictment charging him with the manufacture of at least 400 grams of methamphetamine. Article 4476–15, § 4.04(a), (c), (d)(2) (1981). After the jury's verdict, the court assessed punishment at sixteen (16) years' imprisonment.

On appeal the appellant, inter alia, contended the trial court erred in allowing the case to proceed to trial because the statute under which he was convicted (H.B. 730, Acts 67th Leg.R.S.1981) was unconstitutional in light of the provisions of Article III, § 35, Texas Constitution, since it failed to provide adequate notice of the major changes contained in the body of H.B. 730. *In Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr. App.1983), this Court held the statute (Article 4476–15, V.A.C.S., Texas Controlled Substances Act), as amended in 1981 (H.B. 730), unconstitutional. See also *Ex parte Bass*, 661 S.W.2d 956 (Tex.Cr.App.1983).

The Houston [1st] Court of Appeals recognized the holding in *Crisp*, and reversed the conviction, and remanded the case for proceedings consistent with its opinion. The decision of the Court of Appeals was to set aside the conviction in its entirety rather than remand for re-assessment of punishment by the trial court. *Wahl v. State*, 679 S.W.2d 598 (Tex.App.—Houston [1st] 1984). We granted the State's petition for discretionary review to determine the correctness of the holding of the Court of Appeals.

The State's contention on discretionary review is that the Court of Appeals erred in remanding the cause for a new indictment

and retrial rather than for a new punishment hearing before the court. It contends the conviction by the jury was valid and that the only error was in the assessment of punishment.

In *Crisp* this Court, citing *White v. State*, 440 S.W.2d 660 (Tex.Cr.App.1969), held that if an amendment to an act is declared unconstitutional and invalid, the original act remains in full force and effect, even if the amendment has no savings clause. "We therefore hold that the Controlled Substances Act stands as though H.B. 730 had never been enacted." *Crisp* at p. 948. See also *Hernandez v. State*, 669 S.W.2d 734, 735 (Tex.Cr.App.1984).

The count of the indictment under which appellant was convicted was drafted under Article 4476–15, § 4.03(a), (c) as amended in 1981 (H.B. 730). It provided in part that the appellant did

"intentionally and knowingly manufacture by production independently by means of chemical synthesis, a controlled substance, namely, Methamphetamine, weighing by aggregate weight, including any adulterants and dilutants, at least 400 grams ...."

The Court of Appeals agreed that while drafted under the invalid 1981 amendment (H.B. 730) the indictment stated an offense under the pre-amendment law. See Article 4476–15, § 4.03(a), (b) (1) or "the old law" or the act that remained in full force and effect. See also *Moya v. State*, 681 S.W.2d 41 (Tex.Cr.App.1984). We agree with that portion of the Court of Appeals' opinion.[1]

The appellant was therefore properly convicted of the first-degree felony offense of manufacturing methamphetamine under a valid indictment. In the instant case the unconstitutionality of H.B. 730 affects only the punishment range of the offense. See Article 4476–15, § 4.03(d)(3), as amended in 1981 (H.B. 730)

---

1. We cannot agree with that later conclusion of the Court of Appeals that even though the indictment stated an offense under "the old law" because it was drafted in accordance with H.B. 730 the indictment was somehow fundamental-

ly defective. Further, the Court of Appeals' reliance upon *Gruessing v. State*, an unpublished per curiam opinion (745–83–Feb. 8, 1984), is misplaced.

as compared with "the old law." Article 4476–15, § 4.01(b)(1), regarding punishment.[2]

It is well established that if an error relates to the punishment only, and the trial court assessed the punishment, then the proper remedy is to remand the case for a new punishment hearing by the court and not for a new trial on the merits. *Ex parte Carpio*, 684 S.W.2d 708, 709 (Tex.Cr. App.1985); *Jaynes v. State*, 673 S.W.2d 198, 202–203 (Tex.Cr.App.1984). Cf. *Ex parte Padilla*, 666 S.W.2d 111 (Tex.Cr.App. 1984) (where the jury had assessed punishment and *Crisp* was applicable). *Hernandez v. State*, supra.

■ The judgment of the Court of Appeals is reversed and the cause remanded to the trial court to re-assess punishment within the range of "the old law," in effect at the time of the offense. See, however, *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Miller v. State*, 472 S.W.2d 269 (Tex.Cr.App.1971).

CLINTON, J., not participating.

2. Under "the old law" which remained in effect, the offense was a first-degree felony and carried a penalty range of life or a term of years not more than 99 or less than five years. Under H.B. 730 the penalty range was life or a term of years not more than 99 or less than 15 years, and a fine not to exceed $250,000 under certain conditions as to the aggregate weight of the controlled substance. The trial judge assessed punishment in accordance with the 1981 amendment (H.B. 730) at 16 years, which was the incorrect range to use in assessing punishment given the circumstances.