GRANT, Justice,
dissenting.
I disagree that there was substantial compliance with Article 26.13 of the Code of Criminal Procedure. The judge accepting the guilty plea gave no admonishment concerning the range of punishment in terms of time in the penitentiary. The court correctly informed the defendant of the range of punishment on the first degree felony, but no penitentiary time was mentioned on the third degree felony. The admonishment by the court was as follows:
THE COURT: He can give you not less than five years nor more than ninety-nine years or life in the Texas Department of Corrections. And he can fine you up to $10,000. Do you understand that?
THE DEFENDANT: Yes, sir.
THE COURT: Knowing that, do you still want deferred adjudication—
THE DEFENDANT: Yes, sir.
THE COURT: — or would you rather have a little pen time now?
THE DEFENDANT: Deferred.
THE COURT: In this other case, a fine of up to $5,000 can be assessed. Do you understand that?
THE DEFENDANT: Yes, sir.
(Emphasis added.)
In the cases in which the Court of Criminal Appeals has held that the admonishment constituted substantially compliance, the actual sentence generally falls within the range included in the admonishment. Eatmon v. State, 768 S.W.2d 310 (Tex.Crim.App.1989) (admonished two to ten years and up to $5,000 optional fine; actual two to twenty years and up to $10,000 optional fine; sentenced to ten years); Robinson v. State, 739 S.W.2d 795 (Tex.Crim.App.1987) (admonished two to ten years; actual two to twelve years; sentenced to six years); Hurwitz v. State, 700 S.W.2d 919 (Tex.Crim.App.1985), cert, denied, 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986) (admonished two to twenty years; actual two to ten years; sentenced to two years); Ex parte Gibauitch, 688 S.W.2d 868 (Tex.Crim.App.1985) (admonished ten years to life or ninety-nine years; actual two to twenty years; sentenced to sixteen years; sent back for reassessment of punishment); Ex parte Smith, 678 S.W.2d 78 (Tex.Crim.App.1984) (admonished two to twenty years; actual two to ten years; sentenced to eight years); Tellez v. State, 522 S.W.2d 500 (Tex.Crim.App.1975) (admonished two to ten years; actual two to twelve years; sentenced to four years).
On the other hand, in the case of Weekley v. State, 594 S.W.2d 96 (Tex.Crim.App. [Panel Op.] 1980), the court found that the admonition did not constitute substantial compliance when the trial court informed the defendant that he could receive the maximum of twenty years and then sentenced him to twenty-five years. Also in the case of Ex parte Williams, 704 S.W.2d 773 (Tex.Crim.App.1986), the court found the evidence not substantial compliance when the trial judge informed the defendant that probation was available to him when in fact it was not available.
In the present case, the admonition no more informed the defendant as to the possible penitentiary time than if the trial judge had chosen to read a page from the telephone directory. Surely, this cannot *252 amount to substantial compliance. For this reason, I respectfully dissent.