**Ex parte Karl SMITH aka Shorty Smith.**

**No. 69273.**

Court of Criminal Appeals of Texas, En Banc.

June 13, 1984.

Rehearing Denied July 11, 1984.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a pro se post-conviction application for a writ of habeas corpus. See Article 11.07, V.A.C.C.P.

Applicant alleged that on September 16, 1983, he was convicted by the Sixth District Court of Lamar County of delivery of marihuana of less than five pounds but more than four ounces. Upon his guilty plea before the court, after waiving trial by jury, his punishment was assessed at eight years' imprisonment. The court imposed a sentence of not less than two nor more than eight years. No appeal was taken from the conviction.

Applicant alleges, inter alia, that he was admonished and told that the penalty applicable to the offense charged was not less than two years nor more than 20 years, and such range of punishment was under an unconstitutional statute; that he would not have entered a plea of guilty if he had known that the proper range of punishment was not less than two nor more than 10 years.

The habeas corpus application was filed in the convicting court. See Article 11.07, supra. No evidentiary hearing was held. The trial judge, who had presided at applicant's trial, made certain findings of facts and conclusions of law, and recommended the relief prayed for be granted.

The trial judge found that there was a plea bargain between the applicant and the State, that he had admonished the applicant

at the time of the guilty plea, that the range of punishment for delivery of marihuana was not less than two years nor more than 20 years in the Department of Corrections, and in addition a possible fine not to exceed $10,000.00.

The trial court concluded that as a result of the decisions in *Ex parte Crisp*, et al, 661 S.W.2d 944, 956 (Tex.Cr.App.1983), and *Bass v. State*, 661 S.W.2d 954 (Tex.Cr.App. 1983), the 1981 amendment[1] to the Texas Controlled Substances Act, Article 4476–15, V.A.C.S., was declared unconstitutional in violation of Article III, § 35 of the Texas Constitution, and the range of punishment given in the admonition (and upon which the plea bargain was based) was improper; that the proper range of punishment was not less than two years nor more than 10 years' imprisonment, and in addition a possible fine not to exceed $5,000.00.[2]

In finding the said 1981 amendment unconstitutional in Ex parte Crisp, supra, this court noted that if an amendment to an act is declared unconstitutional and invalid, the former act remains in full force and effect, even if the amendment has no savings clause. The court thus held the Texas Controlled Substances Act stood as if the amendment had never been enacted.

The instant indictment clearly alleged the offense of delivery of marihuana under the Controlled Substances Act prior to the ill-fated 1981 amendment. We further observe that the eight years' imprisonment assessed applicant is within the range of punishment for the alleged offense under the said Controlled Substances Act.

There can be no question that the admonishment was not proper. Article 26.13, V.A.C.C.P., requires that a defendant be admonished as to the range of punishment when pleading guilty or nolo contendere. All that is required is "substantial compliance."

However, it is well established that where there was no admonishment as to the range of punishment as required by Article 26.13, supra, fundamental error occurs, without regard to whether the defendant is harmed. *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.1979), where an admonishment is given, albeit an erroneous one, substantial compliance will be deemed to have occurred, and burden shifts to the defendant to show he entered his plea without understanding the consequences of such plea and thus was harmed. *Ex parte McAtee*, 599 S.W.2d 335 (Tex.Cr.App.1980). This rationale was confirmed by the majority in *DeVary v. State*, 615 S.W.2d 739 (Tex.Cr.App.1981). There the record revealed the trial judge admonished the defendant as to the range of punishment for a second-degree felony when it should have been for a first-degree felony. Nevertheless, the majority[3] held that a plea made under an erroneous admonishment nevertheless constitutes a prima facie showing of a knowing and voluntary plea, and that substantial compliance with the statute was shown. The burden was on the defendant to show that he was misled or harmed by the faulty admonishment. See also *Taylor v. State*, 610 S.W.2d 471 (Tex. Cr.App.1980) (opinion on rehearing); *Adams v. State*, 630 S.W.2d 806 (Tex.App.— Houston [1st Dist.]—1982).

The record was not developed in the instant case as well as it might have been. It was established there was an improper admonishment as to penalty, and unlike *Adams* there was a plea bargain, a plea bargain based upon the wrong range of punishment. Appellant alleged under oath he would not have entered the plea bargain if he had known the maximum penalty was only one-half of what he was told. This is not contradicted. The State filed no answer and has not submitted a brief. We conclude that applicant was not aware of the consequences of his plea, that he was

---

1. Acts 1981, 67th Leg., ch. 268, p. 696, eff. Sept. 1, 1981 (H.B. 730).

2. See Article 4476–15, § 3.05(b)(1) [Texas Controlled Substances Act] [1976], making the of-

fense a second-degree felony. See also V.T.C.A., Penal Code, § 12.34 (Third Degree Felony).

3. See this writer's dissent in *DeVary*.

harmed by the court's admonishment, and further, under all the circumstances, the guilty plea was not knowingly and voluntarily entered.

The relief prayed for is granted. The applicant is ordered released from the Department of Corrections into the custody of the Sheriff of Lamar County to answer the indictment in Cause No. 9453 in the Sixth District Court.

ODOM, McCORMICK and CAMPBELL, JJ., dissent.