TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00159-CR







Terrance Adams, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0924767, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







In April 1995, appellant was convicted by the district court following his plea of guilty to
an indictment accusing him of possessing, in May 1992, twenty-eight grams or more but less than two
hundred grams of cocaine with intent to deliver. See Controlled Substances Act, 71st Leg., R.S., ch. 678,
sec. 1, § 481.112, 1989 Tex. Gen. Laws 2230, 2935 (Tex. Health & Safety Code Ann. § 481.112, since
amended). The court assessed punishment at imprisonment for eight years and a $750 fine, suspended
imposition of sentence, and placed appellant on community supervision. In January 1997, the court
revoked supervision on the State's motion, reformed the punishment to imprisonment for six years, and
imposed sentence. In three related points of error, appellant contends his guilty plea was involuntary
because he was not properly admonished as to the range of punishment. Tex. Code Crim. Proc. Ann. art.
26.13(a)(1) (West 1989).

The State contends appellant's notice of appeal was not timely filed. In the absence of a
motion for new trial, appellant had thirty days from the date sentence was imposed in open court to perfect
his appeal. See former Tex. R. App. P. 41(b)(1), then in effect. The court revoked supervision and
imposed sentence on January 28, 1997. Appellant filed his notice of appeal the same day. The State
argues, however, that the time for appellant to file his notice of appeal began to run on April 13, 1995, the
date sentence was suspended following his conviction. Apparently, the State bases this argument on the
fact that appellant's points of error do not complain of error at the revocation hearing, but instead relate
to the voluntariness of his 1995 guilty plea. 

Whether appellant should be permitted to collaterally attack his original judgment of
conviction on appeal from the order revoking community supervision is a different question from whether
appellant properly perfected an appeal from the revocation order. Appellant timely appealed the
revocation order, and that appeal is properly before this Court. The State's contention that the appeal
should be dismissed as untimely is without merit.

As a general rule, an appeal from an order revoking community supervision is limited to
the propriety of the revocation order and does not include a review of the underlying conviction. 
Whetstone v. State, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990); Hoskins v. State, 425 S.W.2d 825,
827 (Tex. Crim. App. 1967). The underlying conviction may be collaterally attacked on appeal from a
revocation order only if fundamental error was committed at the original trial. Dinnery v. State, 592
S.W.2d 343, 350 (Tex. Crim. App. 1980) (opinion on rehearing). Stated another way, any complaint
regarding the judgment of conviction that could be raised in a post-conviction habeas corpus proceeding
may be raised on appeal from an order revoking community supervision. Ramirez v. State, 486 S.W.2d
373, 374 (Tex. Crim. App. 1972); Smola v. State, 736 S.W.2d 265, 266 (Tex. App.--Austin 1987, no
pet.).

Whether a judgment of conviction may be collaterally attacked for noncompliance with
article 26.13 has been the subject of numerous opinions, not all of which are easily reconciled. See and
compare Heiskell v. State, 522 S.W.2d 477, 478 (Tex. Crim. App. 1975) (noncompliance with article
26.13 may not be raised on appeal from probation revocation), with Robinson v. State, 739 S.W.2d 795,
798 (Tex. Crim. App. 1987) (may collaterally attack judgment of conviction if trial court failed to
substantially comply with article 26.13), with Ex parte Smith, 678 S.W.2d 78, 79 (Tex. Crim. App.
1984) (habeas corpus relief granted where trial court gave erroneous admonishment and defendant showed
harm). Recently, the Court of Criminal Appeals held that a defendant who collaterally attacks a judgment
of conviction on the ground that he did not receive an admonishment required by article 26.13 must show
that: (1) no admonishment of the sort required was given and (2) the lack of admonishment affected his
decision to plead guilty. Ex parte Tovar, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995).

The reporter's record from appellant's 1995 trial is not before us. Appellant instead draws
our attention to the "defendant's plea of guilty, waiver, stipulation & judicial confession" that appears in the
clerk's record. This document states, in relevant part:


I acknowledge and understand the following admonitions which were explained
to me by my attorney prior to entering an oral plea of guilty or nolo contendere:


That I am charged with a felony of the 2 degree which has a punishment range of:


. . .


b. Second degree -- by confinement in the Institutional Division of the Texas
Department Criminal Justice for a period of not less than 2 years or more than 20 years,
and in addition to imprisonment may be punished by a fine not to exceed $10,000.00;


. . .


I understand the admonitions of the Court and I am aware of the consequences of
my plea.



See art. 26.13(d) (court may admonish defendant in writing). This document was signed by appellant and
his attorney on December 14, 1994.

Appellant brings forward three points of error, but combines them in a single argument. (1) 
He urges that the statement that he was accused of a "2 degree" felony was indecipherable to a lay
defendant and was analogous to a complete failure to admonish on the range of punishment. He further
argues that the written admonishment form does not state that he understood the court's admonitions and
lacks any reliable indication that appellant was in fact admonished as to the range of punishment. The
admonishment is subject to a more substantial criticism not mentioned by appellant. The offense alleged
in the indictment and for which appellant was convicted was not a second degree felony, but an aggravated
felony punishable by imprisonment for a term of five to ninety-nine years or life, and a fine not to exceed
$50,000. Health & Safety Code § 481.112(c), (d)(1), since amended.

The district court's 1995 judgment recites that appellant was "admonished by the Court
of the range of punishment attached to the offense . . . ." The judgment is presumed regular and its recitals
are binding in the absence of proof of their falsity. Robinson, 739 S.W.2d at 799. The written
admonishment form in the record before us confirms that the district court undertook to admonish appellant
regarding the range of punishment, albeit incorrectly, and that appellant understood the admonishment
given. Appellant's contention that the court wholly failed to admonish him is without merit.

When the trial court incorrectly admonishes the defendant regarding the range of
punishment, the admonishment will be held to be in substantial compliance with article 26.13(a)(1) if the
punishment assessed was within the range stated by the court and the defendant fails to affirmatively show
harm. See Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); art. 26.13(c) (substantial
compliance sufficient unless defendant affirmatively shows he was misled or harmed). The district court
erroneously informed appellant that he was accused of a second degree felony punishable by imprisonment
for two to twenty years and a $10,000 fine. Although appellant was convicted of an aggravated felony
carrying a much harsher range of punishment, the punishment assessed by the court, imprisonment for eight
years and a $750 fine, was within range stated in the admonishment.

Further, appellant does not allege or show that the court's admonishment affected his
decision to plead guilty. The record reflects that this was a negotiated guilty plea. If appellant was willing
to accept the State's offer of imprisonment for eight years and a $750 fine after being told that he was
accused of a mere second degree felony, he would certainly have been willing to accept it had he been
correctly informed that he was accused of an aggravated felony with a punishment range of imprisonment
for five years to life and a fine of up to $50,000. On this record, there is no basis for concluding that the
erroneous admonishment regarding the range of punishment harmed appellant or rendered his guilty plea
involuntary. Compare Ex parte Smith, 678 S.W.2d at 79-80 (post-conviction relief granted where
punishment range for offense was two to ten years, trial court erroneously advised defendant that
punishment range was two to twenty years, and defendant stated under oath that he would not have
accepted plea bargain had he known correct punishment range); Johnston v. State, 670 S.W.2d 394, 398
(Tex. App.--Austin 1984 pet. dism'd) (harm shown where charged offense was third degree felony, court
erroneously admonished defendant that punishment range was five years to life, and defendant accepted
State's offer of five years).

The points of error are overruled and the order revoking community supervision is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: January 15, 1998

Do Not Publish
1. The individual points are: (1) the district court failed to properly admonish appellant of the
consequences of his guilty plea; (2) the district court failed to substantially comply with article 26.13; and
(3) appellant's guilty plea was involuntary because he was not properly admonished as to the range of
punishment.



nces of
my plea.



See art. 26.13(d) (court may admonish defendant in writing). This document was signed by appellant and
his attorney on December 14, 1994.

Appellant brings forward three points of error, but combines them in a single argument. (1) 
He urges that the statement that he was accused of a "2 degree" felony was indecipherable to a lay
defendant and was analogous to a complete failure to admonish on the range of punishment. He further
argues that the written admonishment form does not state that he understood the court's admonitions and
lacks any reliable indication that appellant was in fact admonished as to the range of punishment. The
admonishment is subject to a more substantial criticism not mentioned by appellant. The offense alleged
in the indictment and for which appellant was convicted was not a second degree felony, but an aggravated
felony punishable by imprisonment for a term of five to ninety-nine years or life, and a fine not to exceed
$50,000. Health & Safety Code § 481.112(c), (d)(1), since amended.

The district court's 1995 judgment recites that appellant was "admonished by the Court
of the range of punishment attached to the offense . . . ." The judgment is presumed regular and its recitals
are binding in the absence of proof of their falsity. Robinson, 739 S.W.2d at 799. The written
admonishment form in the record before us confirms that the district court undertook to admonish appellant
regarding the range of punishment, albeit incorrectly, and that appellant understood the admonishment
given. Appellant's contention that the court wholly failed to admonish him is without merit.

When the trial court incorrectly admonishes the defendant regarding the range of
punishment, the admonishment will be held to be in substantial compliance with article 26.13(a)(1) if the
punishment assessed was within the range stated by the court and the defendant fails to affirmatively show
harm. See Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim. App. 1992); art. 26.13(c) (substantial
compliance sufficient unless defendant affirmatively shows he was misled or harmed). The district court
erroneously informed appellant that he was accused of a second degree felony punishable by imprisonment
for two to twenty years and a $10,000 fine. Although appellant was convicted of an aggravated felony
carrying a much harsher range of punishment, the punishment assessed by the court, imprisonment for eight
years and a $750 fine, was within range stated in the admonishment.

Further, appellant does not allege or show that the court's admonishment affected his
decision to plead guilty. The record reflects that this was a negotiated guilty plea. If appellant was willing
to accept the State's offer of imprisonment for eight years and a $750 fine after being told that he was
accused of a mere second degree felony, he would certainly have been willing to accept it had he been
correctly informed that he was accused of an aggravated felony with a punishment range of i