In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-01150-CV

____________


IN THE MATTER OF T.W.C.,

Appellant







On Appeal from County Court at Law No. 2

Brazoria County, Texas

Trial Court Cause No. JV13100H 





O P I N I O N


 T.W.C., a juvenile, was adjudicated for engaging in delinquent conduct by
committing an aggravated assault. (1) Pursuant to a plea bargain with the State, the
trial court assessed punishment at a six-year determinate sentence probation. In
this appeal, we consider whether appellant's plea was involuntary in light of an
erroneous admonishment given him by the trial court. We reverse and remand.

Erroneous Admonishment


 Appellant contends that his plea was involuntary because the trial court
erroneously informed him that the maximum punishment he could receive in the
case was 40 years' punishment. At the initial setting for appellant's adjudication,
the trial court admonished appellant as follows:

 You are here today because the State has filed a petition alleging
delinquent conduct against you with an additional proviso of
requesting a determinate sentence. A consequence of that petition if I
find it to be true could be to place you on probation inside or outside
of your home, or I could place you with the Texas Youth Commission
or send you to the Youth Commission, then at age 18 cause a review
to be had in order to determine whether to send you home or to the
Texas Department of Criminal Justice Institutional Division for up to
40 years. You understand that?


Both appellant and the State indicated that they were not ready to proceed with
adjudication, so the trial court continued the hearing. When the hearing resumed a
week later, the trial court again admonished appellant as follows:

 [Appellant], you are here today because the State has filed a petition
against you alleging delinquent conduct and for determinate
sentencing, is my understanding. . . . . A consequence of that petition
if I find it to be true could be to put you on probation inside or outside
of your home or commitment to run out of the Texas Youth
Commission into the Texas Department of Criminal Justice
Institutional Division. In other words, prison. That could go up to 40
years. Do you understand that?


 "The Family Code requires a trial court to give certain explanations to a
juvenile who is accused of criminal conduct that could result in an adjudication of
delinquency." In re D.I.B., 988 S.W.2d 753, 755 (Tex. 1999). Relevant to this
case, the Family Code provides:

 (b) At the beginning of the adjudication hearing, the juvenile court
judge shall explain to the child and his parent, guardian, or guardian
ad litem:

 (2) the nature and possible consequences of the proceeding,
including the law relating to the admissibility of the record of a
juvenile court adjudication in a criminal proceeding.


Tex. Fam. Code Ann. §54.03(b)(2) (Vernon Supp. 2007). Appellant alleges, and
the State concedes, that the trial court's statements regarding a possible 40-year
punishment were incorrect. Appellant was charged with aggravated assault, a
second degree felony. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2007). 
Under the Family Code, in a determinate sentence situation, the maximum
punishment that a juvenile can receive for a second degree felony is 20 years. See
Tex. Fam. Code Ann. § 54.04 (3)(B) (Vernon Supp. 2007). Nevertheless, the State
argues that appellant failed to preserve error. Thus, the issues we decide are
whether (1) appellant was required to object to the erroneous admonishment; and
(2) the effect of the erroneous admonishment, i.e., whether appellant's plea was
involuntary because of it.

Is it necessary to object to an erroneous admonishment?

 Though the State has conceded error, it nonetheless argues that appellant has
failed to preserve the error for appeal because he did not object to the erroneous
admonition at trial. Specifically, the State relies on section 54.03(i) of the Family
Code, which provides:

 In order to preserve for appellate or collateral review the failure of the
court to provide the child the explanation required by Subsection (b),
the attorney for the child must comply with Rule 33.1, Texas Rules of
Appellate Procedure, before testimony begins or, if the adjudication is
uncontested, before the child pleads to the petition or agrees to a
stipulation of evidence.


Tex. Fam. Code Ann. § 54.03(i) (Vernon Supp. 2007).


 Rule 33.1 of the Texas Rules of Appellate Procedure requires that, as a
prerequisite for presenting a complaint for appellate review, the record must show
that the complaint was made to the trial court by a timely request, objection, or
motion and was ruled on by the trial court, or that the trial court refused to rule. See
Tex. R. App. P. 33.1.

 Prior to the enactment of section 54.03(i) of the Family Code, no objection
was required to preserve error regarding the omission of the required juvenile
admonishments. See In re C.O.S., 988 S.W.2d 760, 767 (Tex. 1999). Since the
enactment of section 54.03(i), it has been applied to require an objection to an
omitted or incomplete admonishment. See In re C.C., 13 S.W.3d 854, 859-60 (Tex.
App.--Austin 2000, not pet.). However, we can find no cases holding that an
objection is required to preserve error regarding an erroneous admonishment. (2)

 Indeed, the express language of section 54.03(i) shows that it applies to "the
failure of the court to provide the child the explanation required [by the statute]."
(Emphasis added). In this case, the trial court did not fail to provide the child with
the required information. The trial court admonished the child, but the information
conveyed in the admonishment was not a correct statement of the law. 

 "The purpose of these admonishments is to 'assist children, who are too
inexperienced and unskilled to fully understand the nature of juvenile proceedings
and the possible consequences thereof'." In re A.D.D., 974 S.W.2d 299, 304 (Tex.
App.--San Antonio 1998, no pet.) (quoting In re A.L.S., 915 S.W.2d 114, 116 (Tex.
App--San Antonio 1996, no pet.). A further purpose of the admonishments in a
juvenile adjudication hearing is to ensure the voluntariness of the juvenile's plea. 
In re D.R.H., 966 S.W.2d 618, 621 (Tex. App.--Houston [14th Dist.] 1998, no
pet.). The purpose of the juvenile admonishments would not be furthered by
requiring the child to object when the trial court gives an admonishment that is not a
correct statement of the law. Under these circumstances, and in light of the specific
language of section 54.03(i), we conclude that the section does not apply, and no
objection was required to raise the issue of the erroneous admonishment on appeal.

How does an erroneous admonishment affect the voluntariness of a guilty plea?

 Thus, we turn to the issue of what effect, if any, the erroneous admonishment
had on appellant's plea. Because juvenile proceedings are quasi-criminal in nature,
see In re M.A.F., 966 S.W.2d 448, 450 (Tex. 1998), we find it appropriate to
consider analogous cases in similar adult criminal proceedings. See In re D.I.B.,
988 S.W.2d 753, 757 (Tex. Crim. App. 1999) (considering Court of Criminal
Appeals decisions in adult cases to determine whether failure to provide
admonishments in juvenile proceeding is subject to harmless error review).

 The Code of Criminal Procedure requires that, prior to accepting a plea of
guilty or nolo contendere, the trial court shall admonish the defendant, among other
things, of the range of punishment attached to the charged offense. Tex. Code
Crim. Proc. art. 26.13(a)(1) (Vernon Supp. 2007). (3)

 In Robinson v. State, 739 S.W.2d 795, 801 (Tex. Crim. App. 1987), the court
held that when the trial court delivers an incorrect admonishment as to the range of
punishment, but the actual sentence falls within both the actual and misstated range,
the trial court's admonishment substantially complies with article 26.13. Id.

 A trial court's substantial compliance with article 26.13 in admonishing a
defendant constitutes a prima facie showing that the defendant's guilty plea was
entered freely and voluntarily. Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998); Grays v. State, 888 S.W.2d 876, 878 (Tex. App.--Dallas 1994, no
pet.). The burden then shifts to the defendant to show that he was unaware of the
consequences of his plea such that he suffered harm. Martinez, 981 S.W.2d at 197;
Grays, 888 S.W.2d at 878. Such a showing requires more than "a bare, subjective
assertion" in his appellate brief that the defendant did not know the correct range of
punishment. Grays, 888 S.W.2d at 879. Instead, the record must demonstrate the
defendant's lack of comprehension of the proper punishment range and the manner
in which he was misled or harmed. Id. In many cases, the record on direct appeal
will be insufficient to meet this burden. See Martinez, 981 S.W.2d at 197 ("The
only support in the record for appellant's contention that his plea was involuntary is
the incorrect admonishment form. The record contains no evidence which tends to
indicate that appellant was actually harmed or misled in making his determination
to enter a guilty plea."); Grays, 888 S.W.2d at 879 ("[T]here is nothing in the record
before us indicating appellant did not know the true range of punishment for the
offense charged.") ("Nothing in the record before us indicates appellant was misled
by the trial court's admonishment into making a guilty plea and foregoing another
choice that potentially could have resulted in a more favorable sentence.")

 In this case, the trial court's admonishment to appellant that he faced 40
years' punishment, though incorrect, substantially complied with section
54.03(b)(2) because the punishment assessed--6 years--fell within the actual range
of punishment and the misstated range of punishment. See Robinson, 739 S.W.2d
at 781. Thus, the burden shifts to appellant to show that his plea was involuntary. 
See Martinez, 981 S.W.2d at 197.

 In this case, there is more than "a bare, subjective assertion" in appellant's
brief regarding the involuntariness of his plea. Appellant filed a pro se motion for
new trial alleging that he was innocent and that his attorney told him that if he did
not plead guilty he would get "15 years and at the most 40 years." The trial court
held a hearing on appellant's motion for new trial. At the hearing, appellant
testified that his attorney (4) told him that he faced 40 years' punishment and that he
would not have pleaded guilty if he had known that he actually faced a lesser
penalty. Appellant testified that he pleaded guilty because he was afraid that, if he
did not, his attorney would quit and appellant would then get up to 40 years from
the judge. 

 Thus, unlike the defendant in Grays, there is affirmative evidence in this
record that appellant did not know the true range of punishment for the charged
offense. See 888 S.W.2d at 879. This evidence is not contradicted. In fact, at the
motion for new trial hearing, appellant's trial counsel testified, "I don't remember
telling him a maximum. The only number I ever told him was the 15 years [that the
State had indicated it would seek if appellant went to trial]. As a matter of fact, the
first time I ever heard of the maximum is when I was conferring with his newly-appointed attorney." Thus, the only evidence in the record shows that appellant
believed that he faced 40 years' punishment, and that he was never told, either by
the court or his own attorney, that he actually faced only 20 years' punishment.

 Further, unlike the defendant in Grays, there is affirmative evidence in this
record that appellant's misunderstanding of the range of punishment caused him to
forego "another choice that potentially could have resulted in a more favorable
sentence." See Grays, 888 S.W.2d at 879. Specifically, appellant testified that he
would not have pleaded guilty had he known that he faced a lesser penalty.

 This case is like Ex parte Smith, 678 S.W.2d 78 (Tex. Crim. App. 1984). In
Smith, the defendant was admonished that he faced between two and 20 years'
punishment and a fine not to exceed $10,000, when he actually faced between two
and 10 years' punishment and a fine not to exceed $5000. 678 S.W.2d at 79. At a
habeas corpus hearing, appellant presented uncontroverted evidence that he would
not have entered the plea bargain if he had known that the maximum penalty he
faced was one half of what he was told. Id. Based on this evidence, the court found
that Smith had met his burden of proving that his guilty plea was not knowingly and
voluntarily entered. Id. at 79-80.

 Based on the record before us, we hold that, like the defendant in Smith,
appellant has met his burden of showing that he was misled by the trial court's
admonishment that he faced 40 years' punishment and that, but for his
misunderstanding as to the true range of punishment, he would not have entered a
guilty plea. Accordingly, we sustain appellant's second issue on appeal. In light of
our disposition, we need not decide whether appellant also received ineffective
assistance of counsel, and we decline to do so. 

Conclusion

 We reverse the judgment of the trial court and remand the cause for further
proceedings.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.

1. See Tex. Pen. Code Ann. § 22.02 (Vernon Supp. 2007).
2. We note that in adult criminal cases, no objection is required to preserve error
based on a trial court's failure to properly admonish a defendant. See Bessey
v. State, 239 S.W.3d 809, 812-13 (Tex. Crim. App. 2007). The reasoning for
this is that only a person who knows about an admonishment requirement, and
thus does not need the admonition, would be in a position to object to the
absence of the admonition. See id. at 815 (Johnson, concurring).
3. We note that Code of Criminal Procedure article 26.13(a)(1) specifically requires an
admonishment as to the range of punishment, whereas Family Code section
54.03(b)(2) requires more generally that the court admonish the child on "the nature
and possible consequences of the proceeding." We do not decide whether 54.03(b)(2)
always requires a specific admonishment as to the range of punishment. Instead, we
consider only the effect, if any, of an erroneous admonishment as to the range of
punishment.
4. The motion for new trial alleged ineffective assistance based upon appellant's
assertion that trial counsel also misinformed him as to the appropriate range of
punishment.