TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00278-CR







Timothy Lee Syfers, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-08-528, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Timothy Lee Syfers guilty of seven counts of sexual assault
of a child and seven counts of indecency with a child by contact, and it assessed punishment for each
count at twenty years in prison and a $10,000 fine. See Tex. Penal Code Ann. §§ 21.11, 22.011
(West Supp. 2009). Appellant contends that his trial counsel rendered ineffective assistance. He
also contends that the trial court erred at the guilt-innocence stage by failing to give a limiting
instruction regarding extraneous offenses and by overruling his objection to improper argument by
the prosecutor. Finally, he contends that the court erred at the punishment stage by permitting a
police officer to testify to appellant's suitability for probation. We overrule these contentions and
affirm the convictions.

The complaining witness, appellant's step-daughter, testified that appellant began
to sexually abuse her when she was eleven years old and the family was living in Hawaii. At
first, appellant had her pose naked while he masturbated. Later, he began forcing her to fellate and
masturbate him. On one occasion, appellant attempted to engage in anal intercourse with the
complainant. The abuse continued after the family moved to Hays County in July 2006, when the
complainant was sixteen years old. The complainant testified that appellant would regularly have
her "[p]ose for him, touch him, [or] suck him off," depending on his mood. She also testified to an
occasion when appellant gave her whiskey to drink. She did not have a clear memory of what
happened after she drank the whiskey, but she recalled appellant asking her "where my condoms
were" and telling her, "Your mom can only take two fingers, but you took three." The complainant
testified that because appellant would watch her when she showered, she began showering with her
mother. Even then, appellant would come in to the bathroom and watch them both. Once, he
videotaped them while they showered. The complainant testified that the abuse continued until
August 2007, when she was seventeen.

Counts one through seven alleged that appellant placed his penis in the complainant's
mouth on seven occasions during the months of August 2006 through February 2007. See id.
§ 22.011(a)(2)(B). Counts eight through fourteen alleged that appellant caused the complainant to
touch his penis on seven occasions during those same months. See id. § 21.11(a)(1), (c)(2). 
Appellant does not challenge the sufficiency of the evidence to sustain his convictions on all counts.

In his first point of error, appellant contends that his trial counsel rendered ineffective
assistance during plea bargaining. Five days before appellant's trial began, defense counsel called
appellant to the stand to memorialize appellant's rejection of the State's plea offer. This offer was,
in counsel's words, "a cap deal, which would be a maximum of 45 years incarceration or anything
less, including the possibility for deferred adjudication." Appellant acknowledged that counsel had
discussed the offer with him and explained to him that if he were found guilty on all counts, "the
consequences as far as a sentence could be severe." During this proceeding, the trial court
admonished appellant that the seven sexual assault counts were first degree felonies carrying a
possible penalty of ninety-nine years or life for each count, and appellant's counsel expressly
affirmed that this was correct. In fact, the sexual assaults were second degree felonies carrying a
maximum punishment of twenty years. See id. § 22.011(f). (1) The court correctly admonished
appellant that the seven indecency counts were second degree felonies carrying a possible penalty
of twenty years. See id. § 21.11(d). The court also advised appellant that the sentences for all
fourteen counts could be "stacked" and served consecutively. See id. § 3.03(b)(2)(A). Appellant
reaffirmed his decision to reject the plea bargain offer.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that
counsel made such serious errors that he was not functioning effectively as counsel and that these
errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770, 771-72
(Tex. Crim. App. 1999). Appellant contends that his attorney's "failure to understand the level of
felony" for which appellant was indicted, his "failure to inform the court that the offer of a 45 year
cap was outside the possible range of punishment if appellant were to elect to go to trial," and
his "failure to properly advise his client that all of the felonies with which he was charged were
second degree felonies" carrying a maximum punishment of twenty years in prison "deprived
[appellant] of the ability to make a knowing and voluntary decision" regarding the plea bargain. See
Ex parte Smith, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984).

This issue is being raised for the first time on appeal, and thus trial counsel has not
had an opportunity to state for the record the advice he gave appellant privately regarding the
potential punishment appellant faced. But even if we assume that counsel incorrectly told appellant
that the sexual assault counts were first degree felonies, appellant has failed to show that this error
deprived him of a fair trial. First, the offered forty-five-year "cap" or maximum did not necessarily
refer to each count individually. On this record, it is equally possible that the offer called for a
forty-five-year maximum effective sentence for all counts, even if the sentences were cumulated. 
Thus, the State's offer was not necessarily outside the possible range of punishment for the
fourteen second degree felonies alleged in the indictment. Second, there is no reason to believe that
appellant would have considered the State's offer any more attractive had he been told that the sexual
assault counts carried a maximum punishment of only twenty years rather than life. If anything, he
would have been less inclined to accept the offer. Finally, the punishment assessed following
appellant's trial was consistent with the rejected plea bargain offer. The court ordered that the
sentences for counts one through seven and the sentences for counts eight through fourteen be served
concurrently, but cumulated the latter with the former for a total effective sentence of forty years,
five years less than the maximum under the State's pretrial offer. Point of error one is overruled.

Appellant's second point of error concerns the complainant's testimony describing
extraneous acts of sexual misconduct committed by appellant, such as the sexual abuse that
occurred in Hawaii, the nude posing, and the sex acts that took place after the complainant's
seventeenth birthday. Appellant objected to this testimony, but he now concedes that the evidence
was admissible to show the previous and subsequent relationship and the state of mind of appellant
and the complainant. See Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2009). He
contends, however, that the court's jury charge at the guilt-innocence stage was defective because
it did not include an instruction limiting the jury's consideration of this evidence to the purposes for
which it was admitted under article 38.37.

Appellant never requested a limiting instruction, either when the evidence was first
admitted or when the jury charge was being prepared. Because appellant failed to request a limiting
instruction when he first had the opportunity to do so--when the testimony was admitted--the
complainant's extraneous misconduct testimony was admitted for all purposes. Hammock v. State,
46 S.W.3d 889, 895 (Tex. Crim. App. 2001). Because the testimony was considered by the jury for
all purposes, a limiting instruction in the jury charge was not warranted, even if it had been
requested. Id. Point of error two is overruled.

In point of error three, appellant contends that the trial court erred by overruling his
objection to jury argument by the prosecutor. During her argument at the guilt-innocence stage, the
prosecutor told the jurors, "You have a choice to decide whether or not this man gets approval for
what he has done. You get to decide whether or not the next time a child comes through our office
in the same circumstances--." Appellant objected that "this is an improper guilt or innocence
punishment argument." The prosecutor replied that it was a plea for law enforcement. Appellant's
objection was overruled, and the prosecutor continued, "You get to decide Ladies and Gentlemen
what we do from here on out . . . . And don't think that somebody else is going to come around in
the next case and do the right thing because if you don't do the right thing here, look how much
harder you make it for the next person, the next child."

Appellant argues that by asking the jury to consider other victimized children, the
prosecutor improperly encouraged the jury to disregard its duty to consider only the issue of
appellant's guilt or innocence. The State argues that the prosecutor's argument was a plea for law
enforcement of the "send them a message" variety. See Goocher v. State, 633 S.W.2d 860, 864 (Tex.
Crim. App. 1982). But the prosecutor was not asking the jury to "send a message" to others who
might sexually abuse children in Hays County. The "message" was for the prosecutor's office, the
implication of the argument being that if the jury did not convict appellant, the prosecutor would be
less likely to pursue similar cases in the future.

If the State's argument was objectionable, appellant's substantial rights were not
violated by the court's ruling. See Tex. R. App. P. 44.2(b). This case turned almost entirely on the
jury's assessment of the complainant's credibility. There was no physical evidence and no
confession, although appellant made a statement to a police officer during a telephone conversation
that was arguably inculpatory. While the case was pending, the complainant and her mother
contacted an attorney and signed sworn affidavits disavowing their accusations against appellant. 
The complainant admitted in her testimony that she would lie for her mother, and the defense sought
to demonstrate that her mother had a financial motive for accusing appellant of criminal wrongdoing. 
The credibility issue dominated the arguments of both defense counsel and the prosecutor. We are
persuaded that the prosecutor's request that the jurors consider the effect of their verdict on other
victims of sexual abuse had little or no influence on the jury's resolution of the credibility issue, and
thus little or no influence on the guilty verdict. Point of error three is overruled.

Appellant's final point of error is directed to the punishment stage testimony of Hays
County Sheriff's Detective Jeri Skrocki. Skrocki testified that she has been the department's chief
child abuse and sex crimes investigator since 1999. She was asked by the prosecutor if, based on
her training and experience, "an individual with a pattern of sexually abusing children over a long
period of time" would be "a good candidate for probation." Appellant objected "on the basis of
opinion testimony." After the objection was overruled, Skrocki testified that such a person would
not be a good candidate for probation.

Appellant argues that Skrocki was not qualified to testify regarding the appropriate
punishment in this case. But Skrocki was asked a more specific question: whether appellant was
a suitable candidate for community supervision. Suitability is a matter relevant to sentencing under
article 37.07 when, as in this case, the defendant seeks community supervision. Tex. Code Crim.
Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2009); Ellison v. State, 201 S.W.3d 714, 722 (Tex.
Crim. App. 2006). Skrocki testified that, in addition to her experience, she holds a master's peace
officer license and "a special investigator's proficiency as well as instructor's license in regards to
specifically training officers in family violence and sexual assault type training." Skrocki was
familiar with this case, and in particular with the evidence that appellant had also engaged in
sexually abusive behavior with the complainant's younger brother. On this record, the trial court did
not abuse its discretion by allowing Skrocki to testify to her opinion of appellant's suitability for
community supervision. See Ellison, 201 S.W.3d at 723. Point of error four is overruled.

The judgments of conviction are affirmed.



 ___________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: July 22, 2010

Do Not Publish
1. The State did not seek to prosecute these offenses as first degree felonies under the "bigamy
clause" of subsection (f).