# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00278-CR

**Timothy Lee Syfers, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NO. CR-08-528, HONORABLE JACK H. ROBISON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Timothy Lee Syfers guilty of seven counts of sexual assault of a child and seven counts of indecency with a child by contact, and it assessed punishment for each count at twenty years in prison and a $10,000 fine. *See* Tex. Penal Code Ann. §§ 21.11, 22.011 (West Supp. 2009). Appellant contends that his trial counsel rendered ineffective assistance. He also contends that the trial court erred at the guilt-innocence stage by failing to give a limiting instruction regarding extraneous offenses and by overruling his objection to improper argument by the prosecutor. Finally, he contends that the court erred at the punishment stage by permitting a police officer to testify to appellant's suitability for probation. We overrule these contentions and affirm the convictions.

The complaining witness, appellant's step-daughter, testified that appellant began to sexually abuse her when she was eleven years old and the family was living in Hawaii. At

first, appellant had her pose naked while he masturbated. Later, he began forcing her to fellate and masturbate him. On one occasion, appellant attempted to engage in anal intercourse with the complainant. The abuse continued after the family moved to Hays County in July 2006, when the complainant was sixteen years old. The complainant testified that appellant would regularly have her "[p]ose for him, touch him, [or] suck him off," depending on his mood. She also testified to an occasion when appellant gave her whiskey to drink. She did not have a clear memory of what happened after she drank the whiskey, but she recalled appellant asking her "where my condoms were" and telling her, "Your mom can only take two fingers, but you took three." The complainant testified that because appellant would watch her when she showered, she began showering with her mother. Even then, appellant would come in to the bathroom and watch them both. Once, he videotaped them while they showered. The complainant testified that the abuse continued until August 2007, when she was seventeen.

Counts one through seven alleged that appellant placed his penis in the complainant's mouth on seven occasions during the months of August 2006 through February 2007. *See id*. § 22.011(a)(2)(B). Counts eight through fourteen alleged that appellant caused the complainant to touch his penis on seven occasions during those same months. *See id*. § 21.11(a)(1), (c)(2). Appellant does not challenge the sufficiency of the evidence to sustain his convictions on all counts.

In his first point of error, appellant contends that his trial counsel rendered ineffective assistance during plea bargaining. Five days before appellant's trial began, defense counsel called appellant to the stand to memorialize appellant's rejection of the State's plea offer. This offer was, in counsel's words, "a cap deal, which would be a maximum of 45 years incarceration or anything

2

less, including the possibility for deferred adjudication." Appellant acknowledged that counsel had discussed the offer with him and explained to him that if he were found guilty on all counts, "the consequences as far as a sentence could be severe." During this proceeding, the trial court admonished appellant that the seven sexual assault counts were first degree felonies carrying a possible penalty of ninety-nine years or life for each count, and appellant's counsel expressly affirmed that this was correct. In fact, the sexual assaults were second degree felonies carrying a maximum punishment of twenty years. *See id*. § 22.011(f).[1] The court correctly admonished appellant that the seven indecency counts were second degree felonies carrying a possible penalty of twenty years. *See id*. § 21.11(d). The court also advised appellant that the sentences for all fourteen counts could be "stacked" and served consecutively. *See id*. § 3.03(b)(2)(A). Appellant reaffirmed his decision to reject the plea bargain offer.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). Appellant contends that his attorney's "failure to understand the level of felony" for which appellant was indicted, his "failure to inform the court that the offer of a 45 year cap was outside the possible range of punishment if appellant were to elect to go to trial," and his "failure to properly advise his client that all of the felonies with which he was charged were

---

[1] The State did not seek to prosecute these offenses as first degree felonies under the "bigamy clause" of subsection (f).

second degree felonies" carrying a maximum punishment of twenty years in prison "deprived [appellant] of the ability to make a knowing and voluntary decision" regarding the plea bargain. *See Ex parte Smith*, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984).

This issue is being raised for the first time on appeal, and thus trial counsel has not had an opportunity to state for the record the advice he gave appellant privately regarding the potential punishment appellant faced. But even if we assume that counsel incorrectly told appellant that the sexual assault counts were first degree felonies, appellant has failed to show that this error deprived him of a fair trial. First, the offered forty-five-year "cap" or maximum did not necessarily refer to each count individually. On this record, it is equally possible that the offer called for a forty-five-year maximum effective sentence for all counts, even if the sentences were cumulated. Thus, the State's offer was not necessarily outside the possible range of punishment for the fourteen second degree felonies alleged in the indictment. Second, there is no reason to believe that appellant would have considered the State's offer any more attractive had he been told that the sexual assault counts carried a maximum punishment of only twenty years rather than life. If anything, he would have been less inclined to accept the offer. Finally, the punishment assessed following appellant's trial was consistent with the rejected plea bargain offer. The court ordered that the sentences for counts one through seven and the sentences for counts eight through fourteen be served concurrently, but cumulated the latter with the former for a total effective sentence of forty years, five years less than the maximum under the State's pretrial offer. Point of error one is overruled.

Appellant's second point of error concerns the complainant's testimony describing extraneous acts of sexual misconduct committed by appellant, such as the sexual abuse that

occurred in Hawaii, the nude posing, and the sex acts that took place after the complainant's seventeenth birthday. Appellant objected to this testimony, but he now concedes that the evidence was admissible to show the previous and subsequent relationship and the state of mind of appellant and the complainant. *See* Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (West Supp. 2009). He contends, however, that the court's jury charge at the guilt-innocence stage was defective because it did not include an instruction limiting the jury's consideration of this evidence to the purposes for which it was admitted under article 38.37.

Appellant never requested a limiting instruction, either when the evidence was first admitted or when the jury charge was being prepared. Because appellant failed to request a limiting instruction when he first had the opportunity to do so—when the testimony was admitted—the complainant's extraneous misconduct testimony was admitted for all purposes. *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001). Because the testimony was considered by the jury for all purposes, a limiting instruction in the jury charge was not warranted, even if it had been requested. *Id*. Point of error two is overruled.

In point of error three, appellant contends that the trial court erred by overruling his objection to jury argument by the prosecutor. During her argument at the guilt-innocence stage, the prosecutor told the jurors, "You have a choice to decide whether or not this man gets approval for what he has done. You get to decide whether or not the next time a child comes through our office in the same circumstances—." Appellant objected that "this is an improper guilt or innocence punishment argument." The prosecutor replied that it was a plea for law enforcement. Appellant's objection was overruled, and the prosecutor continued, "You get to decide Ladies and Gentlemen

5

what we do from here on out . . . . And don't think that somebody else is going to come around in the next case and do the right thing because if you don't do the right thing here, look how much harder you make it for the next person, the next child."

Appellant argues that by asking the jury to consider other victimized children, the prosecutor improperly encouraged the jury to disregard its duty to consider only the issue of appellant's guilt or innocence. The State argues that the prosecutor's argument was a plea for law enforcement of the "send them a message" variety. *See Goocher v. State*, 633 S.W.2d 860, 864 (Tex. Crim. App. 1982). But the prosecutor was not asking the jury to "send a message" to others who might sexually abuse children in Hays County. The "message" was for the prosecutor's office, the implication of the argument being that if the jury did not convict appellant, the prosecutor would be less likely to pursue similar cases in the future.

If the State's argument was objectionable, appellant's substantial rights were not violated by the court's ruling. *See* Tex. R. App. P. 44.2(b). This case turned almost entirely on the jury's assessment of the complainant's credibility. There was no physical evidence and no confession, although appellant made a statement to a police officer during a telephone conversation that was arguably inculpatory. While the case was pending, the complainant and her mother contacted an attorney and signed sworn affidavits disavowing their accusations against appellant. The complainant admitted in her testimony that she would lie for her mother, and the defense sought to demonstrate that her mother had a financial motive for accusing appellant of criminal wrongdoing. The credibility issue dominated the arguments of both defense counsel and the prosecutor. We are persuaded that the prosecutor's request that the jurors consider the effect of their verdict on other

6

victims of sexual abuse had little or no influence on the jury's resolution of the credibility issue, and thus little or no influence on the guilty verdict. Point of error three is overruled.

Appellant's final point of error is directed to the punishment stage testimony of Hays County Sheriff's Detective Jeri Skrocki. Skrocki testified that she has been the department's chief child abuse and sex crimes investigator since 1999. She was asked by the prosecutor if, based on her training and experience, "an individual with a pattern of sexually abusing children over a long period of time" would be "a good candidate for probation." Appellant objected "on the basis of opinion testimony." After the objection was overruled, Skrocki testified that such a person would not be a good candidate for probation.

Appellant argues that Skrocki was not qualified to testify regarding the appropriate punishment in this case. But Skrocki was asked a more specific question: whether appellant was a suitable candidate for community supervision. Suitability is a matter relevant to sentencing under article 37.07 when, as in this case, the defendant seeks community supervision. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West Supp. 2009); *Ellison v. State*, 201 S.W.3d 714, 722 (Tex. Crim. App. 2006). Skrocki testified that, in addition to her experience, she holds a master's peace officer license and "a special investigator's proficiency as well as instructor's license in regards to specifically training officers in family violence and sexual assault type training." Skrocki was familiar with this case, and in particular with the evidence that appellant had also engaged in sexually abusive behavior with the complainant's younger brother. On this record, the trial court did not abuse its discretion by allowing Skrocki to testify to her opinion of appellant's suitability for community supervision. *See Ellison*, 201 S.W.3d at 723. Point of error four is overruled.

The judgments of conviction are affirmed.


_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   July 22, 2010

Do Not Publish